## McDONALD v. WOODWARD.

### SAME v. STEWART.

1. MORTGAGE—LIFE ESTATE—REMAINDERMEN.—A purchase money mortgage executed by purchaser taking only life estate does not carry estate in remainder.

Before GAGE, J., Fairfield, January, 1900. Affirmed.

Actions (two) for possession of land by Sallie E. McDonald and Mary H. Wilkin against Wm. B. Woodward; Same against John A. Stewart, executor of Robt. McCarley and Thos. L. McCarley. From Circuit decree, all defendants appeal.

*Messrs. Jos. W. Hanahan* and *J. E. McDonald,* for appellants. · The latter cites: *Interest governs in construing deed:* 23 S. C., 235; 28 S. C., 129; 35 S. C., 327; 42 S. C., 345. *Unpaid purchase money mortgage has priority over any other claim through mortgagor:* 8 S. C., 49; 19 S. C., 238.

*Messrs. A. S.* and *W. D. Douglass,* contra. The latter cites: *Mortgage lien extends only so far as mortgagor's title:* 32 S. C., 215; 13 N. E. R., 505; 52 S. C., 464; 39 S. C., 39; 16 S. C., 288; 11 S. C., 357; 10 S. C., 365. *No opportunity here to apply doctrine of assignment and subrogation:* 23 L. R. A., 126; 5 L. R. A., 276; 64 Cal., 359; 15 Barb.,

25; 1 Sand. Ch., 376; 2 Paige Ch., 343. *As between grantor and grantee, the former is mere surety:* 1 Lea., 537; 47 N. Y., 239; 11 Ia., 86; 8 La. Ann., 267; 9 N. Y., 499; 14 Barb., 201; 57 N. Y., 351; 1 Speer Eq., 41; 4 S. C., 301; 14 S. C., 437. *Mortgage debt is extinguished by purchase of mortgage premises:* Bail. Eq., 334; 6 Rich. Eq., 343; 9 Rich. Eq., 53; 24 S. C., 22; *except where it is agreed to leave mortgage open:* 26 S. C., 412; 27 S. C., 572; 5 L. R. A., 723; 26 S. C., 464; 27 S. C., 72.

September 13, 1900. The opinion of the Court was delivered by

MR. JUSTICE JONES. In each of these actions the plaintiffs, remaindermen, after the death of the life tenant, sues the defendant as grantee of the life tenant for recovery of the land described. While not disputing the facts showing plaintiff's title, the defendants seek to defend by showing that at the time of the conveyance to the life tenant and remaindermen, the life tenant executed a bond and mortgage for the purchase money on said lands; that said mortgage bound the interest of the remaindermen; that defendant after taking title from the life tenant paid said mortgage in consideration of the conveyance to them, under an agreement that it should remain open for their protection, and that by reason thereof they were equitable assignees of said mortgage, entitled to be subrogated to the rights of the mortgagee, and that such mortgage should be foreclosed for their benefit.

The facts in the concrete are thus stated in the Circuit decree: "One Thomas W. Erwin was the common source of title. He conveyed by deed to Mary J. Hemphill, 10th February, 1873. Thereafter Mary J. Hemphill, on the 13th February, 1879, conveyed by deed 92 4-10 acres to Robert McCarley; and on the 19th February, 1879, conveyed by deed 124 1-2 acres to William B. Woodward. Thereafter Mary J. Hemphill died 12th December, 1898, leaving her surviving the plaintiffs, her only children then

alive. The habendum of Erwin's deed to Hemphill is: To have * * * unto the said Mary J. Hemphill for and during the term of her natural life, and after her death to such of her issue as she may leave living at the time of her death—the child of a deceased child, if any, to take the share to which their parent would have been entitled if living—and to their heirs and assigns forever. The consideration of the deed is expressed to be '$2,500, by securities given and money paid me by Mary J. Hemphill * * *' On the same day the deed from Erwin to Hemphill was executed, Hemphill executed to Erwin her bond for the penal sum of $4,600, conditioned to pay the just sum of $2,300, and therewith and to secure the payment thereof, a mortgage on the premises the same day conveyed. It does not expressly appear either in the bond or mortgage, that they were made to secure payment of the purchase money, but that fact is not seriously contested, and I find that such was the fact. The mortgage employs apt language to convey the fee to Erwin, with clause of defeasance. It is proper to add, the deed, bond and mortgage were prepared in the office of James H. Rion, Esq. Thomas W. Erwin hypothecated the bond and mortgage with the National Bank of Chester, to secure the payment of his own note to the bank for money borrowed. The bank pressed for its money, and Robert McCarley and William B. Woodward undertook to pay, and did pay, the bank the amount of the Erwin note. Thereabouts, on the 13th February, 1879, for $869, and on the 18th February, 1879, for $996, respectively, they had purchased two parcels of land from Mary J. Hemphill. The purchase money therefor was to be paid, and was paid, on the Erwin note, and on the collateral to secure it, to wit: the Hemphill bond and mortgage."

The Circuit Court decreed in each case against defendant, reserving the matter of improvements set up in the answer of William B. Woodward for an amendment of the pleadings and fuller testimony thereon.

We agree fully with the Circuit Court, that the life tenant

had no power to so mortgage the land as to bind the remaindermen, who were not in any way parties to such mortgage. It is, therefore, immaterial how may be decided the issue of fact, whether it was the intention or agreement of parties to leave the mortgage open for the benefit of defendants. The Circuit Court was quite correct in saying: "Admitting that the lien of the mortgage was preserved intact for the benefit of McCarley and Woodward, it could not survive the body which it held, to wit: the life estate of Mary Hemphill. That estate terminated at the death of Mary Hemphill, in December, 1898, and with it ended the encumbering mortgage. There is, therefore, no opportunity to apply the equitable doctrine of assignment and subrogation." The case of *Robinson* v. *Lowery,* 52 S. C., 464, is much like this case in principle.

The judgment of the Circuit Court on each case is affirmed.