17980

UNITED FABRICS CORPORATION, Respondent, v. Carlyle DE-LANEY d/b/a Delaney Fine Furniture, Appellant

(128 S. E. (2d) 111)

*Messrs. Belser & Belser, Irvine F. Belser, Jr.,* and *Robert E. Kneece,* of Columbia, *for Appellant,*

*Edgar L. Morris, Esq.,* of Columbia, *for Respondent,*

*Messrs. Belser & Belser, Irvine F. Belser, Jr.* and *Robert E. Kneece,* of Columbia, *for Appellant, in Reply,*

October 24, 1962.

BRAILSFORD, Justice.

In this action for the purchase price of goods sold and delivered by the plaintiff to the defendant, the plaintiff attached to its summons and complaint an affidavit stating the facts and claiming the right to "attach and possess said personal property." A paper styled "bond in claim and delivery" and a requisition to the sheriff were also attached. The sheriff attached or seized the property under these papers. The defendant moved to set aside the attachment and have the property restored to his possession, contending that plaintiff had failed to comply with conditions precedent to a purchase money attachment under Sec. 10-951, Code of 1952; and that the complaint and attached papers failed to establish plaintiff's right to possession of the property under the claim and delivery statute, Sec. 10-2501 *et seq.*, Code of 1952. The plaintiff conceded non-compliance with statutory requisites for a purchase money attachment but contended that the seizure of the property was lawful under the claim and delivery statute. The lower court adopted this view and dismissed the motion.

The statutory remedy of claim and delivery is available only *"in an action to recover the possession of personal property * * *."* Sec. 10-2501. Therefore, the ruling below was erroneous unless the complaint states a cause of action for the possession of the property. That it does not is established by a brief quotation from the statement of the case, which is binding on the parties and is consistent with the only construction of which the complaint is reasonably susceptible.

"Respondent, a Massachusetts corporation not domesticated in South Carolina, brought action in the Court of Common Pleas for Richland County on or about April 5, 1962, *to recover a balance of Ten Thousand One Hundred Thirty-six and 37/100 ($10,136.37) Dollars allegedly due for upholstery fabrics previously sold to the appellant.* Simultane-

ously respondent caused the Sheriff of Richland County to seize a number of rolls and other containers of upholstery fabrics from among the large number of similar items in appellant's shop." (Italics added.)

Reversed.

TAYLOR, C. J., and Moss, LEWIS and BUSSEY, JJ., concur.