## 18847

J. Fincher BELUE, Plaintiff, v. Iva FETNER, Sidney Belue, Noel Belue, Jack D. Greene; and also all persons unknown claiming any right, title, estate, interest in or lien upon the real estate described in the complaint herein, which is briefly described as follows, to wit: All that certain tract of land with all improvements thereon, situate in Union County, S. C., containing 72.9 acres according to survey plat made by H. L. Kennedy, recorded in Plat Book "13", Page 79, Union County, S. C., Defendants, of whom Iva Fetner and Sidney Belue are, Appellants, and of whom Jack D. Greene is, Respondent.

(164 S. E. (2d) 753)

*Allen E. Fulmer, Esq.,* of Columbia, *for Appellants,*

*Messrs. Hubert E. Nolin* and *Clarence A. Cappell,* of Greenville, *for Respondent,*

*Allen E. Fulmer, Esq.,* of Columbia, *for Appellants, in Reply,*

December 4, 1968.

Moss, Chief Justice.

This is an action for partition of real estate by sale. The real property, which is the subject of this action, is referred to in Item 4 of the will of H. H. Belue, as follows:

"All my land lying West of my home tract, containing *about forty acres,* and which I hereby designate as Tract No. 4, I give, devise and bequeath unto my nephews, Athens Belue, Sr., Omega Belue, and Ola Belue, *for and durng the term of their natural lives,* not subject however to any debts, and at and after their deaths, to their children respectively, and their heirs and assigns forever; the child or children of any deceased child to take the share to which its parents would have been entitled, if living. *This is given to my said nephews for life, share and share alike.*

H. H. Belue,who died in 1910, left his will dated May 17, 1906, which has been duly proven and probated in the office of the Probate Court for Union County, South Carolina.

The real property, with which we are here concerned, is referred to in the aforesaid will as containing *about forty acres;* however, a plat of said property was prepared by H. L. Kennedy, a surveyor, in December, 1910, and said plat reveals that Tract No. 4 contains 72.9 acres, rather than about 40 acres. This plat purports to show a division of the said 72.9 acres into Tract No. 7 containing 49 acres and Tract No. 8 containing 23.9 acres. The record does not show that the 72.9 acre tract has been subdivided by or among the remaindermen.

Athens Belue, Sr., Omega Belue and Ola Belue, the life tenants named in Item 4 of the will of H. H. Belue, survived him.

Athens Belue, Sr., died in 1927 never having been married and leaving no children. Ola Belue died December 21, 1961, leaving one living child, J. Fincher Belue, the plaintiff

herein, and one living grandson, Noel Belue, being the only child of a predeceased son of said Ola Belue. Omega Belue died on September 13, 1963, leaving two children, Sidney Belue and Iva Belue Fetner. Athens Belue, Sr. and Omega Belue never made any conveyance of their life interests in the subject premises. Upon the death of Athens Belue, Sr. in 1927, Omega Belue and Ola Belue each had an undivided one-half life estate interest in said real property.

The record shows that on November 19, 1915, Ola Belue conveyed unto Florence Belue his life estate interest in and to a portion of the said 72.9 acre tract, namely, 48 acres. Thereafter, Florence Belue mortgaged her interest in said premises, which said mortgage was foreclosed in the year 1928, and the life estate interest of Ola Belue was conveyed by the Master of Union County unto Mrs. Ida L. Belue. Thereafter, Mrs. Ida L. Belue mortgaged the life estate interest of Ola Belue, which said mortgage was foreclosed, and said interest was sold and conveyed by the Master of Union County, in the year 1932, unto W. H. Poole, and he, on November 4, 1933, conveyed all of his right, title and interest in the subject premises unto Mrs. O. B. Belue. Mrs. O. B. Belue died intestate on November 18, 1964, leaving as her sole heirs at law and distributees Lucille Belue Burgess and Lunette Belue Greene, and they, on July 13, 1965, conveyed to Jack D. Greene "all of their right, title and interest in and to" the said 48 acre tract of land with which we are here concerned.

This action was commenced by J. Fincher Belue, one of the remaindermen, for partition by sale of the subject premises. It is alleged in the complaint that the last of the life tenants mentioned in Item 4 of the will of H. H. Belue died on September 13, 1963, thereby terminating the life estates created in the will and that fee simple title to the real property is now vested in J. Fincher Belue, Iva Belue Fetner, Sidney Belue and Noel Belue as tenants in common, each owning a one-fourth undivided interest. It was further

alleged that Jack D. Greene has no interest in said premises. The defendant, Jack D. Greene answered, alleging that he was owner by deed and adverse possession to the 48 acre tract of land.

The case came on to be heard by The Honorable James W. Workman, Judge of the Union County Court, and by his decree dated May 3, 1968, he held that J. Fincher Belue, Iva Belue Fetner, Sidney Belue, Noel Belue and Jack D. Greene each had an undivided one-fifth interest in said premises and decreed a partition by sale of the property and a division of the net proceeds of said sale among the aforesaid parties equally. It is from this decree that this appeal is prosecuted.

The question for determination is whether Jack D. Greene is the owner of a one-fifth undivided interest in the 48 acre tract of land with which we are here concerned. In this connection there is some argument made by Jack D. Greene that he is the sole owner of the tract of land here involved. However, this question is not properly before us because the lower court held that Jack D. Greene was the owner of only a one-fifth undivided interest in the 48 acre tract of land and he has not appealed from such finding.

The following is taken from the agreed statement of the case found in the transcript of the record:

"Ola Belue and Omega Belue each possessed an undivided one-half life estate interest in said real property; the said Athens Belue died in 1927 without child or children and was never married; Omega Belue made no conveyances or transfers of his undivided one-half life estate interest.

"Ola Belue in the year 1915 made a conveyance unto Florence Belue of his one-half life estate interest in and to a portion of the 72.9 acre tract, namely 48 acres, said deed having been recorded in the Office of the Clerk of Court for Union County in Deed Book '47', Page 390."

The parties having agreed that Ola Belue and Omega Belue each possessed an undivided one-half life estate interest in the real property are bound thereby. When counsel enter into an agreed stipulation of fact as a basis for decision by the court, both sides will be bound by such agreed stipulation, and the court will not go beyond such stipulation to determine the facts upon which the case is to be decided. *Forbes v. Kingan & Co.*, 174 S. C. 24, 176 S. E. 880. *United Fabrics Corp. v. Delaney*, 241 S. C. 268, 128 S. E. (2d) 111.

It being agreed that Ola Belue had only an undivided life estate interest in the real property here involved, he could convey no more than his life estate. It was so held in the case of *Hutto v. Ray*, 192 S. C. 364, 6 S. E. (2d) 747. The mortgage excuted by Florence Belue necessarily covered only the life estate interest which she aquired under the deed from Ola Belue for that was all that she had; and the Master's deed in the foreclosure could convey no more. *Bethea v. Bass*, 240 S. C. 398, 126 S. E. (2d) 354. The mortgage given by Florence Belue could not bind any interest of the remaindermen. *McDonald v. Woodward*, 58 S. C. 554, 36 S. E. 918.

When Omega Belue, the last of the life tenants, died on September 13, 1963, the life estates granted in the will were terminated and the title to the property vested in the remaindermen mentioned in the said will. The life estate interest of Ola Belue, which Mr. O. B. Belue had acquired by successive conveyances, terminated by the death of the said Ola Belue on December 21, 1961. It follows that Mrs. O. B. Belue had no further interest in the premises in question and upon her death in 1964 Lucille Belue Burgess and Lunette Belue Greene, her heirs at law, inherited no interest in the premises in question from her. It likewise follows that the deed from Lucille Belue Burgess and Lunette Belue Greene to Jack D. Greene in 1965 conveyed no interest in the premises to him because a deed cannot operate to con-

vey an interest which the grantors do not have in the land described in the deed.

Jack D. Greene asserts that he acquired title to the ▆▆▆ premises in question by adverse possession. A short answer to this is that the purchaser of the interest of the life tenant does not hold adversely to the remaindermen until the life estate terminates. *Moseley v. Hankinson,* 25 S. C. 519. It is also suggested that the payment of taxes gives support to the claim of adverse possession. The life tenant has the duty to pay the taxes and the interest of the remaindermen is not affected by the payment of said taxes by the life tenant nor by reason of the failure of the life tenant so to do, and no taxes may be assessed against the interest of the remaindermen during the existence of the life estate. *Bolt v. Sullivan,* 173 S. C. 24, 174 S. E. 491.

We conclude that Jack D. Greene has no interest in any portion of the tract of land with which this action is concerned, and it was error for the lower court to so hold. A fee simple title to the premises is vested in J. Fincher Belue, Iva Belue Fetner, Sidney Belue and Noel Belue, each owning a one-fourth undivided interest. When the property is sold at public auction, the proceeds derived therefrom, after the payment of the costs of this action and all taxes that constitute a lien on the said property, should be divided equally among these four.

The judgment below is,

Reversed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.