19683

CROWN LAND CORPORATION, Appellant, v. LESTER BROTHERS, INC., et al., Respondents

(199 S. E. (2d) 69)

*Messrs. Mazursky & Evans,* of Sumter, *for Appellant,* cite:

*Messrs. Louthian, Meeting & Merritt,* of Columbia, *for Respondents,* cite:

August 28, 1973.

Bussey, Justice:

In this declaratory judgment action, plaintiff-appellant seeks to establish the validity of its tax title to a lot and dwelling situate in Summerville, Dorchester County. The cause was referred to the Master in Equity whose findings were adverse to the contentions of the plaintiff. The master's report was confirmed in all respects by the circuit court, and the plaintiff appeals.

The lot involved was owned by Liveable Homes, Inc., but mortgaged to Lester Brothers, Inc. on January 9, 1967. National Homes Corporation is successor in interest to Lester Brothers, Inc. The County property taxes for the years 1967-68 were not paid, with the result that the property was sold for such delinquent taxes by the tax collector in December 1969. It was purchased by the plaintiff who obtained its tax deed thereto in December 1970.

The cardinal issue in the case is whether the tax title is invalid by reason of failure on the part of the tax colector to furnish the mortgagee of record notice in compliance with Code Sec. 65-2749, which reads as follows:

"Notice of sale to mortgagees.—When real estate is sold for taxes in any county the sheriff, before delivering title to such real estate to the purchaser at such sale, shall give not less than thirty days' notice of the sale to any mortgagee or assignee of any mortgage appearing of record within ten years of such seizure as interested in such real estate in order that such mortgagee or assignee may have opportunity to redeem such real estate, as provided by law for the

owner thereof. Such notice shall either be served on such mortgagee or assignee in person or forwarded to his last known post-office address by registered mail or when his whereabouts may be unknown it may be had by publication upon petition and order as is required for service of summons by publication in civil actions, the expense of which publication and petition shall be paid in advance of publication by the purchaser at such sale."

Both the master and the circuit court found that the required notice had not been given and that the appellant's tax title was invalid. *Bailey v. Medlock,* 185 S. C. 115, 193 S. E. 926. Appellant's first contention is that the defendants' answer did not properly and adequately raise the issue of noncompliance with the statute. We need not attempt to analyze the pleadings for this contention must be decided adversely to the appellant on the basis of the agreed statement of the case which is binding upon the parties. *United Fabrics Corp. v. Delaney,* 241 S. C. 268, 128 S. E. (2d) 111. The statement of the case contains a summary of the pleadings and, *inter alia,* the following:

"(4) Finally the Defendants questioned the validity of the tax sale by reason of the failure on the part of the Tax Collector to furnish the mortgagee notice of sale as required by Section 65-2749 of the Code of Laws of South Carolina (1962)."

The appellant next contends that there was no competent evidence to support the findings of the master, concurred in by the trial court, that no notice was given to the mortgagee by any one of the means permitted and required under Code Sec. 65-2749. Appellant offered no evidence save its tax deed and relied solely thereupon as *prima facie* evidence of good title and compliance with all statutory prerequisites, as it was entitled to do by virtue of Code Sec. 65-2779. See: *Wilson v. Cantrell,* 40 S. C. 114, 18 S. E. 517; *Leysath v. Leysath,* 209 S. C. 342, 40 S. E. (2d) 233; *Walker v. Williams,* 212 S. C. 32, 46 S. E. (2d)

249. The respondents, seeking to impugn appellant's tax deed, assumed the burden of showing that some essential prerequisite required by the statutes had not been complied with.

While admittedly the evidence tending to support the findings of fact of noncompliance with Sec. 65-2749 is most scanty, we are not convinced that there was no competent evidence whatever to support such findings. Certainly, aside from the tax deed itself and the presumption arising therefrom, there is nothing in the record from which it could be possibly inferred that the statute was, in fact, complied with. The tax collector was ill, unable to testify, and subsequently died. His secretary and/or deputy testified with the aid of the tax collector's file, which, incidentally, was not offered in evidence or made a part of the record. It is clear that the tax collector knew of the mortgage to Lester Brothers, Inc., but did not have any address for the mortgagee and apparently in an attempt to comply with the statute, in October 1970, sent a letter to the attorney who had initially handled the mortgage transaction for the mortgagee. Such letter is not contained in the record but from the questions and answers thereabout in the record, it would appear that the contents thereof were none too clear. We think it inferable from the testimony of the tax collector's deputy that said letter was the only effort made to comply with the Code Section. Admittedly, the witness did not categorically testify that such was the case, but since her testimony is susceptible of such inference, we cannot say that the findings of noncompliance are unsupported by any competent evidence in the record.

The appellant stated and argued a third question but conceded that our disposition of the second question would be dispositive of the third. We conclude that the exceptions are without merit and the judgment below is accordingly,

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.