**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Raven's Run Homeowners Association, Inc., Appellant-Respondent,

v.

Crown Pointe Association, Inc., Lois K. Novak as Trustee of the Lois K. Novak Living Trust dated 10/14/2013; Laurie T. Herron and Mark D. Herron; James B. Kubu and Melissa F. Kubu; Leila June Johnson; Danny Ta and Anita McCauley; Robert E. Luby, Jr., and Barbara Luby; Joshua D. Coonce; Lucius Roy Junevicus; Katherine Kinlaw; Thomas K. Kuyk and Melissa Ward; Roland Franklin Wooten, III, and Teresa Key Wooten; Michael P. Horvath; Timothy E. Moylan and Karen G. Moylan; Carl A. Counasse and Maureen Counasse; David A. Frielinghaus and Holly C. Frielinghaus; Christopher S. Finley and Holly M. Finley; Shirley D. Springer a/k/a Shirly Deanna Springer; Deirdre C. Knight; Robert Shane Johnson; Eric R. Sigman; Lamar R. Graves, Jr. and Terry W. Graves; Mary Elizabeth Gladden; Philip Wallace and Naomi Grad; Thomas Edwin Davis and Luis Miguel Gonzalez Melchor; John R. Funkhouser and Jennifer L. Funkhouser; Gregory S. Cooper and Jane B. Cooper; Frank C. Jones, Jr. and Elise Ubele Jones; William P. Topping and Kris B. Topping; LaRhonda S. Ptichko; Kenneth L. Tully and Anna J. Tully; Defendants,

Of Whom James B. Kubu and Melissa F. Kubu and Leila June Johnson are the Respondents,

And Katherine Kinlaw is the Respondent-Appellant.

Appellate Case No. 2019-001289

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

Unpublished Opinion No. 2022-UP-403
Heard June 15, 2022 – Filed November 9, 2022

**AFFIRMED IN PART, REVERSED IN PART, and
VACATED IN PART**

George Hamlin O'Kelly, III, of Buist Byars & Taylor,
LLC, of Mt. Pleasant; Maria Kiehling Brees, of Brees
Law Firm, LLC, and Justin M. McGee, of McGee Law
Firm, LLC, both of Charleston; and William W. Wilkins
and Kirsten Elena Small, both of Nexsen Pruet, LLC, of
Greenville, all for Appellant-Respondent Raven's Run
Homeowners Association.

Harold Alan Oberman, of Oberman & Oberman, of
Charleston, for Respondent-Appellant Katherine Kinlaw.

Jeffrey T. Spell, of Charleston, for Respondent Leila June
Johnson.

Charles Mac Gibson, Jr., of Mt. Pleasant, for
Respondents James B. Kubu and Melissa F. Kubu.

**PER CURIAM:** In this action for an injunction, declaratory judgment, trespass, and nuisance, Raven's Run Homeowner's Association (Raven's Run HOA) sued the Crown Pointe Association (Crown Pointe HOA) and several homeowners (the Homeowners) in the neighboring Crown Pointe subdivision over ownership of the lake dividing the two subdivisions (the Lake) and the eight to twelve-foot strip of

land that banks the Lake on the Crown Pointe side (the Disputed Land). Raven's Run HOA asserted that by cutting down trees on the Disputed Land and accessing the Lake to fish and boat, the Homeowners had committed trespass and nuisance.

After a hearing on cross-motions for summary judgment, the Master-in Equity found Crown Pointe HOA owned both the Lake and the Disputed Land. However, on motion for reconsideration, the Master ruled Raven's Run HOA owned the Lake but the Homeowners owned the land up to the waterline. Now, on appeal, Raven's Run HOA asserts the Master erred in finding it did not own the Disputed Land. In a cross-appeal, one of the Homeowners, Katherine Kinlaw, asserts the Master erred in finding Raven's Run HOA owns the Lake. We affirm the Master's rulings that Crown Pointe HOA owns the Disputed Land and Raven's Run HOA owns the Lake. We vacate the Master's ruling that the Homeowners own the land up to the waterline, and finally, we dismiss Raven's Run HOA's claims for trespass and nuisance.

## I.

In 1983 and 1984, Yaupon Plantation Investors deeded an undeveloped tract of land to a developer, R.A.C. Enterprises, Inc. (R.A.C.). R.A.C. parceled the land into three subdivisions: Raven's Run, Crown Pointe, and East Crossing. R.A.C. then conveyed the lots in the Crown Pointe subdivision to Spectra Development, Inc. (Spectra) for development.

As noted, Raven's Run and Crown Pointe are separated by the Lake. For many years, Raven's Run's view of Crown Pointe was shielded by a marshy tree line on the Disputed Land. However, in 2015 and 2016, several homeowners from Crown Pointe whose lots backed up to the Disputed Land began to cut down the trees and remove overgrown vegetation. Raven's Run HOA sought a restraining order against Crown Pointe HOA and all Crown Pointe homeowners whose property abutted the Disputed Land to stop any further tree cutting. In November 2017, Raven's Run HOA filed a motion for a preliminary injunction against three specific Crown Pointe homeowners: Leila Johnson, Katherine Kinlaw, and James and Melissa Kubu. The injunction was granted, and Johnson, Kinlaw, and the Kubus were prohibited from removing any vegetation on the Disputed Land or accessing the water during the pendency of the litigation.

In March 2018, Raven's Run HOA amended its complaint to add causes of action for trespass and nuisance. In August 2018, Raven's Run HOA and Crown Pointe HOA filed cross-motions for summary judgment, each asserting it owned the Disputed Land. Before the hearing, Crown Pointe HOA, Raven's Run HOA, and most of the Crown Pointe homeowners named in the lawsuit settled. The only

remaining parties to the litigation were Raven's Run HOA and the Homeowners: Johnson, Kinlaw, and the Kubus.

The hearing revealed that ownership of the Disputed Land was not a straightforward inquiry. First, both the Homeowners and Raven's Run HOA agreed the individual lots of the Crown Pointe homes did not extend to the Lake but ended at the boundary of the Disputed Land, eight to twelve feet before the Lake. The Homeowners argued that, when R.A.C. began subdividing and conveying its Yaupon Plantation land in the 1980s, the question of who owned the Disputed Land "fell through the cracks" and was not conveyed to anyone until two quitclaim deeds were filed in 2001 and 2002, Deed C-392 and Deed H-394. According to the Homeowners, these quitclaim deeds conveyed any leftover land depicted in Plat BK-2 (R.A.C.'s plat of the Crown Pointe subdivision) to Crown Pointe HOA. By contrast, Raven's Run HOA asserted R.A.C. conveyed the Disputed Land to Raven's Run HOA in Deed R-163, a 1987 deed. The Master did not agree, noting the plat referenced in R-163, known as Plat BL-57, showed only the Raven's Run side of the Lake.

The Master was persuaded by an earlier deed, Deed O-161, also from 1987, in which R.A.C. conveyed several lots from the Crown Pointe subdivision to Spectra. Deed O-161 was the first deed to reference Plat BK-2, which was recorded in 1986. Plat BK-2 depicted the Disputed Land and contained the words, "By the recording of this plat, the green areas and Lakes shown hereon are dedicated to the use of the Crown Pointe [HOA] forever." The Master found Plat BK-2 dedicated the use of the Disputed Land and water from the Lake to Crown Pointe HOA, and the quitclaim deeds, C-392 and H-394, conveyed the Disputed Land to the Crown Pointe HOA. Accordingly, the Master ended the preliminary injunction against the Homeowners.

In accord with these findings, the Master issued a written order ruling: 1) the Disputed Land was constructively conveyed from R.A.C. to Crown Pointe HOA as part of a sixty-foot drainage easement dedicated to the public (forty feet into the lake and twenty feet of land—which included the Disputed Land) depicted in the 1986 Plat BK-2, and then conveyed to Crown Pointe HOA by quitclaim deed and 2) according to Plat BK-2, Crown Point HOA had a non-exclusive right to use the Disputed Land and Lake. The Master dismissed all of Raven's Run HOA's causes of action against the Homeowners.

Raven's Run HOA moved for reconsideration. At the reconsideration hearing, Raven's Run HOA asked the Master to consider Deed E-150,[1] recorded in 1985.

---

[1] Deed E-150 was mentioned during the original hearing, but because Raven's Run was relying on R-163 in support of its arguments, E-150 was not discussed in detail.

Raven's Run HOA contended that, in Deed E-150, R.A.C. conveyed both the Lake and the Disputed Land to Raven's Run HOA. Deed E-150 referenced a conditional plat of the Raven's Run subdivision, Plat BG-52, recorded in 1985. Although BG-52 did not depict any portion of the Crown Pointe subdivision, it did depict portions of the Lake between Raven's Run and Crown Pointe. Deed E-150 also contained language that stated R.A.C. "grant[s], bargain[s], sell[s], and release[s] unto the said [Raven's Run HOA] . . . ALL those certain pieces, parcels or strips of land, bodies of water, roadways and marsh, below described, all of which are shown on [Plat BG-52]."

The Master granted Raven's Run's HOA's motion to reconsider, ruling Deed E-150 conveyed the Lake to Raven's Run HOA, but it did not convey the Disputed Land to Raven's Run HOA. The Master then ruled the Homeowners "owned fee simple title to their parcels of land all the way to the waterline" of the Lake. The Master made no reconsideration ruling on Raven's Run HOA's trespass and nuisance allegations. These cross-appeals follow.

## II.

"When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the [M]aster pursuant to Rule 56, SCRCP." *Edgewater on Broad Creek Owners Ass'n, Inc. v. Ephesian Ventures, LLC*, 430 S.C. 400, 405, 845 S.E.2d 211, 213–14 (Ct. App. 2020). When construing a deed, summary judgment is proper and a trial is unnecessary when the intention of the parties may be gleaned from the four corners of the instrument itself. *Id.* at 407, 845 S.E.2d at 214. When a deed describes land as it is shown on a certain plat, the plat becomes part of the deed "for the purpose of showing the boundaries, metes, courses and distances of the property conveyed." *Hobonny Club, Inc. v. McEachern*, 272 S.C. 392, 397, 252 S.E.2d 133, 136 (1979). When a tax map number is referenced in a deed, it is significant and reflects the intent of a party to convey the specific land described by the reference. *Millvale Plantation, LLC v. Carrison Fam. Ltd. P'ship*, 401 S.C. 166, 175, 736 S.E.2d 286, 290 (Ct. App. 2012). Extrinsic evidence is permitted to determine the intentions of the parties to a deed when the deed language contains ambiguities or when the incorporated plat is illegible. *Edgewater on Broad Creek Owners Ass'n, Inc.*, 430 S.C. at 407, 845 S.E.2d at 214; *Hoyler v. State*, 428 S.C. 279, 297, 833 S.E.2d 845, 855 (Ct. App. 2019). Only when a deed is ambiguous or the plat is illegible does the inquiry regarding the parties' intention become a question of fact for trial. *Edgewater on Broad Creek Owners Ass'n, Inc.*, 430 S.C. at 407, 845 S.E.2d at 214; *Hoyler*, 428 S.C. at 297, 833 S.E.2d at 855.

## III.

We hold Crown Pointe HOA owns the Disputed Land.

1. We are not persuaded by Raven's Run's contention that it was conveyed the Disputed Land by Deed R-163. We find nothing in the four corners of Deed R-163 conveys any land on the Crown Pointe side of the Lake to Raven's Run HOA because: (1) any explicit language referencing the Crown Pointe side of the Lake is conspicuously absent from Deed R-163; and (2) the plat referenced in Deed R-163, Plat BL-57, does not depict any land past the Lake or, even, the whole Lake. We further find the language of Deed R-163 is not ambiguous, and accordingly, we cannot use extrinsic evidence such as Deed E-150, Crown Pointe HOA's Covenants,[2] or Spectra's Plat BP-161 to help understand the parties' intentions. *See Edgewater on Broad Creek Owners Ass'n, Inc.*, 430 S.C. at 407, 845 S.E.2d at 214 (stating extrinsic evidence is permitted to determine the intentions of the parties to a deed when the deed language contains ambiguities). We therefore find there is no dispute of fact as to whether Deed R-163 conveyed the Disputed Land to Raven's Run HOA. *Bennett v. Invs. Title Ins. Co.*, 370 S.C. 578, 589, 635 S.E.2d 649, 655 (Ct. App. 2006) ("The construction of a clear and unambiguous deed is a question of law for the court."). We agree with the Master that it did not.

2. We are not convinced the tax map references on the deed demonstrate Raven's Run HOA owns the Disputed Land. After viewing the record evidence (including the relevant tax maps), it does not appear the Charleston County tax map number referenced in the deed demonstrates the Disputed Land is within the boundaries of Raven's Run HOA's taxed land. *See Millvale Plantation*, 401 S.C. at 174, 736 S.E.2d at 290 ("In determining the grantor's intent, the deed must be construed as a whole and effect given to every part if it can be done consistently with the law. The intention of the grantor must be found within the four corners of the deed." (quoting

---

[2] We acknowledge that Crown Pointe HOA's covenants were granted by R.A.C., the common grantor of the land from Yaupon Plantation to both Raven's Run and Crown Pointe, and therefore, they reveal an intent by the grantor to convey the Disputed Land to Raven's Run HOA. Unfortunately, we may not consider this extrinsic evidence of intent because we are constrained to determine ownership of the land by the unambiguous language of the recorded deeds. *See Edgewater on Broad Creek Owners Ass'n, Inc.*, 430 S.C. at 407, 845 S.E.2d at 214 (stating extrinsic evidence is permitted to determine the intent of the parties to a deed when the deed language contains ambiguities).

*K & A Acquisition Grp., LLC v. Island Pointe, LLC*, 383 S.C. 563, 581, 682 S.E.2d 252, 262 (2009)).

3. We find Deed O-161 did not constructively convey the Disputed Land to Crown Pointe HOA. In Deed O-161, R.A.C. unambiguously conveyed only the individual Crown Pointe lots to Spectra—subject to a sixty-foot drainage easement. A dedication of an easement is not a conveyance of title, constructive or otherwise, and therefore, we find the Master erred in finding Deed O-161 constructively conveyed the Disputed Land to Crown Pointe HOA. *See id.* at 595–96, 635 S.E.2d at 658 (stating an easement "gives no title to the land on which the servitude is imposed" (quoting *Morris v. Townsend*, 253 S.C. 628, 635, 172 S.E.2d 819, 822 (1970))).

4. Rather, we find Crown Pointe HOA received ownership of the Disputed Land through the 2001 and 2002 quitclaim deeds. *Milton P. Demetre Fam. Ltd. P'ship v. Beckmann*, 413 S.C. 38, 55, 773 S.E.2d 596, 605 (Ct. App. 2014) ("A quitclaim deed is a lawful means of conveying title."). We find the Disputed Land is depicted in Plat BK-2 and was therefore conveyed by R.A.C. in Deed C-392, the quitclaim deed recorded in 2001. Following this chain of title, Crown Pointe HOA received ownership of the Disputed Land via Deed H-394. Accordingly, we affirm the Master's ruling that Crown Pointe HOA owns the Disputed Land as a matter of law. *See Edgewater on Broad Creek Owners Ass'n, Inc.*, 430 S.C. at 407, 845 S.E.2d at 214 (when construing a deed, summary judgment is proper when the intention of the parties may be gleaned from the four corners of the instrument itself).

5. We vacate from the reconsideration order the Master's finding that the Homeowners own their individual lots up the waterline of the Lake in fee simple title.

6. Raven's Run HOA asks us to reverse the Master's order as it pertains to Johnson and the Kubus because they did not timely file initial briefs in this appeal. *See* Rule 208(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper."). We decline to do so under the circumstances here.

## IV.

We hold Raven's Run HOA owns the Lake.

1. Kinlaw has standing to appeal the Master's finding that Raven's Run HOA owns the Lake. *See Sea Pines Ass'n for Prot. of Wildlife, Inc. v. S.C. Dep't of Nat. Res.*,

345 S.C. 594, 600, 550 S.E.2d 287, 291 (2001) ("To have standing, one must have a personal stake in the subject matter of the lawsuit. In other words, one must be a real party in interest."). Furthermore, the issue of whether Raven's Run HOA owns the Lake was raised and ruled upon below, and accordingly, whether the Master erred in reconsidering his original order to find Raven's Run HOA owns the Lake is properly before the court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 77, 497 S.E.2d 731, 734 (1998) (providing reconsideration motions are not necessary to preserve issues that have been ruled upon; they are used to preserve those that have been raised but not yet ruled upon).

2. We find the Master did not err in reconsidering his reasoning from the initial order to find Raven's Run HOA owns the Lake. Because Deed E-150 was admitted as evidence for consideration at the original hearing on the motion for summary judgment, we believe the Master properly reconsidered his order upon having Deed E-150 brought to his attention in Raven's Run HOA's Rule 59(e), SCRCP motion. We find Deed E-150 unambiguously conveyed the Lake to Raven's Run HOA in 1985, and accordingly, the Lake could not have been conveyed to Crown Pointe through quitclaim deeds Deed C-392 and Deed H-394 in the early 2000s. *See Bennett*, 370 S.C. at 589, 635 S.E.2d at 655 ("The construction of a clear and unambiguous deed is a question of law for the court."); *Belue v. Fetner*, 251 S.C. 600, 606–07, 164 S.E.2d 753, 756 (1968) ("[A] deed cannot operate to convey an interest which the grantors do not have in the land described in the deed.").

## V.

We dismiss Raven's Run HOA's claims for trespass and nuisance.

1. Raven's Run HOA asserts the Master erred in failing to rule on its claims for trespass and nuisance. Because we find Raven's Run HOA does not own the Disputed Land and because Raven's Run HOA does not now assert the Homeowners committed trespass or nuisance by accessing the water of the Lake, we dismiss Raven's Run HOA's claims for trespass and nuisance.

**AFFIRMED IN PART, VACATED IN PART, DISMISSED IN PART.**

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**