## 21339

The STATE, Respondent, v. Clifton Eugene HARRIS, Appellant.

(272 S. E. (2d) 636)

*Staff Atty. Vance J. Bettis, S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Brian P. Gibbes,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

December 2, 1980.

HARWELL, Justice:

Clifton Eugene Harris plead guilty to assault and battery with intent to kill one Harold Medlin. He was convicted for the murder of one Linda Jean Medlin. He appeals the murder conviction. We affirm.

On the evening of August 3, 1979, Linda Jean and her ex-husband Harold were loading a used refrigerator on Harold's pick-up truck at the home of appellant's sister. Harold had just acquired the refrigerator from the sister; Linda Jean was visiting there and had offered her help. Appellant and a companion meanwhile drove up into the driveway blocking in the truck. There was no apparent trouble among the parties yet. In fact, appellant helped Harold load the appliance.

Thereafter, appellant, who was admittedly highly intoxicated, turned to his girl friend, Linda Jean, and began to pull her towards his vehicle. An altercation ensued. In the melee, Linda Jean was fatally wounded by a shot from a rifle fired by appellant. Appellant then tracked down Harold and shot him six times, one shot of which was a point-blank bullet into the neck. Harold somehow survived.

Appellant contends first that the trial judge erred by refusing to charge that one is entitled to judge another more harshly on the basis of prior circumstances. We disagree.

Appellant claims that he feared Harold Medlin. His testimony was that as he struggled with Linda Jean, Harold picked up the refrigerator grate and stepped towards him presumably in an attempt to aid the woman. Appellant stated that he used deadly force because Harold had threatened him a year earlier with a handgun and he feared for his safety. Harold denied all of this and no one else corroborated appellant's story. Appellant claimed to have shot Linda Jean only

by accident and then to have attacked Harold for "causing" him to hurt his girlfriend.

At trial, appellant's only theory of defense was that he was guilty of voluntary manslaughter but not murder. His counsel, however, specifically denied that a defense of self-defense had been made out in the case. No request to charge on self-defense was made.

Voluntary manslaughter is usually defined as the unlawful killing of a human being in sudden heat of passion upon a sufficient legal provocation. *State v. Norris,* 253 S. C. 31, 168 S. E. (2d) 564 (1969). Appellant, by his exception, focuses attention upon the "sufficient legal provocation" aspect of the definition and argues that the charge on voluntary manslaughter in this case was inadequate as a matter of law absent a supplemental charge on "the law of appearances". We believe that the trial judge adequately charged the law on voluntary manslaughter. Having made his charge, the trial judge specifically instructed the jury to, "take that definition and apply it to the facts as you find it to be and see whether or not the State has proven this defendant guilty . . ." We thus believe that the jury was correctly informed to apply the law to the facts as they found them to exist. Finally, we would note that this court in *State v. Hill,* 129 S. C. 166, 123 S. E. 817 (1924) limited use of the law of appearances to a situation where self-defense would be applicable.

Appellant next contends that the trial judge erred by denying his counsel the opportunity to summarize the evidence in his opening statement to the jury. We disagree.

We would leave the scope of the opening statement to the sound discretion of the trial judge whose decision will stand absent a showing of an abuse of discretion and prejudice to the complaining party. An example of an abuse might be where a trial judge gave the solicitor an opportunity to

address the facts but then denied defense counsel the same privilege. In this case the solicitor did not outline the facts in his opening, nor did he seek leave to do so. Another example of an abuse would be where the effect of the denial by the trial judge would be to substantially impair a criminal defendant's right to be heard on his defense. Here, appellant's version of the facts was in fact ably stated in closing. Appellant therefore demonstrates no abuse of discretion or any prejudice to himself.

Appellant argues finally that the trial judge erred by refusing to sequester the State's witnesses on his motion. We disagree.

Sequestration of witnesses is a matter for the discretion of the trial judge, *State v. Hall,* 268 S. C. 524, 235 S. E. (2d) 112 (1977); *State v. LaBarge,* S. C. .., 268 S. E. (2d) 278 (1980). Viewing the record before us we cannot conclude that sequestration was necessary in this case as a matter of law. As such, we find no abuse of discretion or consequent prejudice to appellant.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.