## 21486

The STATE, Respondent, v. Bertha Mae ROBINSON, Appellant.

(279 S. E. (2d) 372)

*Public Defender Ernest A. Hinnant,* Florence, and *Deputy Appellate Defender Vance J. Bettis,* of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen., Daniel R. McLeod, Asst. Attys. Gen., Kay G. Crowe, Nan L. Black* and *Senior Asst. Atty. Gen., Brian P. Gibbes,* Columbia, and *Sol., Dudley Saleeby, Jr.,* Florence, *for respondent.*

June 10, 1981.

HARWELL, Justice:

Bertha Mae Robinson appeals her conviction for the murder of her husband. We affirm.

Appellant contends first that the trial judge erred by failing to charge the jury that if it found her guilty, but could not decide between murder and manslaughter, it must resolve the doubt in her favor. The law to be charged must be determined from the evidence presented. *State v. Somerset,* S. C., 277 S. E. (2d) 593; *State v. Rogers,* S. C., 272 S. E. (2d) 792 (1980). We agree that appellant's proposition of law would not be incorrect under the proper circumstances but here there was no factual support even for the manslaughter charge. *State v. Mattison,* S. C., 277 S. E. (2d) 598.

We have defined voluntary manslaughter as the unlawful killing of a human being in sudden heat of passion upon a sufficient legal provocation. *State v. Harris,* S. C., 272 S. E. (2d) 636 (1980); *State v. Norris,* 253 S. C. 31, 168 S. E. (2d) 564 (1969).

The testimony at trial reveals that appellant and her husband had serious marital difficulties. The husband had on occasion physically abused appellant; he also was conducting an open adulterous relationship with

another woman in the community. Appellant admitted that her husband had been out on the evening of the homicide with his paramour until approximately 12:30 a. m. When he returned, he went to bed and slept until appellant joined him. She stated that he stirred, inquiring of her whether she was cold. She then asked him whether he would spend the imminent Christmas Holiday with her at her mother's; he replied that in part he would. At this point she told her husband that he had been snoring and asked him to turn his head away from her. He did so. Appellant disengaged a revolver which was hanging above the bed, eventually pointed it at her husband's head, and shot him. She then left the bed, built a fire, turned on the television and listened for three to four hours as her husband went through the throes of death.

We fail to detect wherein voluntary manslaughter would be applicable to these facts. The trial judge also instructed on self-defense. That charge was certainly not applicable to these facts. Appellant was in no way prejudiced under these circumstances. We dismiss her first exception.

Appellant next contends that she suffered prejudicial error when during the direct examination of her mother, the trial judge interjected, "I will take judicial notice there is no love like a mother's love. I never have seen a mother did not love their child and I would be bad against one if they didn't love their child." While the comment was unnecessary, we do not agree that prejudicial error occurred.

The testimony of the mother was merely cumulative of that of other witnesses and largely concerned the existence of marital problems between the appellant and her husband. The mother's testimony in no way controverts the facts surrounding homicide. Thus the trial judge's chance remark, even if not fully negated as here, would have been only a harmless error. See, *State v. Martin*, 216 S. C. 129, 57 S. E. (2d) 55 (1949).

In fact, when the comment was made, appellant's trial counsel's only response was to take an exception. The trial judge later in the direct examination instructed the jury to disregard his comment; he followed this with a further lengthy admonition to the jury to disregard any such remarks during his charge to the jury. Counsel never made a motion for mistrial during the trial. We therefore believe the error, if any, was thus cured by the trial judge. Cf., *State v. Sinclair*, S. C., 274 S. E. (2d) 411 (1981).

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.