692 S.E.2d 560

The STATE, Respondent,

v.

Kareem T. WILEY, Appellant.

No. 4667.

Court of Appeals of South Carolina.

Heard March 3, 2010.
Decided March 31, 2010.

Appellate Defender Lanelle C. DuRant, South Carolina Commission, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, Assistant Attorney General Mark R. Farthing, Office of the Attorney General and Solicitor Warren Blair Giese, all of Columbia, for Respondent.

WILLIAMS, J.

Kareem T. Wiley (Wiley) appeals his conviction for trafficking cocaine. On appeal, Wiley contends the trial court erred in refusing to grant a mistrial when the State commented on Wiley's unrelated outstanding warrant during opening statements. Wiley further contends the trial court erred in not instructing the jury that the State had the burden of proof when the State commented that Wiley did not contest the legality of the stop or search on cross-examination. We affirm.

## FACTS

On January 9, 2007, law enforcement officers with the Richland County Sheriff's Department (the Department) conducted an undercover drug investigation involving Lauren Stuckey (Stuckey). The Department believed Stuckey was working with a cocaine supplier based on her prior drug transactions with Jason Williams (Williams), an undercover narcotics agent with the Department. As a result, Williams called Stuckey to set up a purchase for 125 grams of cocaine, and Stuckey agreed to set up a drug transaction at a Kmart parking lot. Stuckey informed Williams that her "partner" was going to be present at the Kmart.

Damon Robertson (Robertson), an investigator with the Department, conducted surveillance on the Kmart parking lot and saw Stuckey's vehicle and a second vehicle subsequently identified as a Chrysler Sebring (the Sebring) enter the Kmart parking lot. To confirm that the Sebring was actually involved in the drug transaction, Robertson ordered Williams to change the location of the drug transaction to see if the Sebring would follow Stuckey.

Robertson followed the Sebring to a Chick–fil–A restaurant and positively identified Wiley as the individual in the Sebring. The Department arrested Wiley, informed him of his *Miranda* rights, and conducted a search. The search revealed a "sandwich size bag" of cocaine in Wiley's front right jacket pocket. Robertson testified that Wiley later admitted that he intended to sell the cocaine to Williams.[1]

In its opening statement at trial, the State said, "[The Department] know[s] he's under suspension, so they have a legitimate right to stop him. They also know that he has an unrelated warrant outstanding. It's not—."

At that point, Wiley objected. The trial court sustained the objection and gave the following curative instruction: "All right, ladies and gentlemen, I remind you that the arguments that are made by the attorneys are not considered evidence in the case. It's only their contention as to what the issues are in the case."

At the close of the State's opening statement, a bench conference was held, and Wiley moved for a mistrial based on the State's reference to Wiley's unrelated warrant. The trial court refused to grant a mistrial and indicated it would give a curative instruction to the jury. Wiley objected to the proposed curative instruction. Following the bench conference, the trial court instructed the jury, in part,

[O]pening statements that are presented by either the State or the defense, they're not to be considered as evidence in this case. . . . And I'm going to instruct you now that you are not to draw any inferences, you're not to take what the State has said—and also the defense when they make their opening statements, you're not to draw any inferences of

---

1. Wiley referred to Williams as "the drop off."

guilt or innocence or inferences to any evidentiary conclusions that might be made from any statements that are made by the lawyers.

The jury subsequently convicted Wiley, and the trial court sentenced him to twenty-five years imprisonment. This appeal followed.

## STANDARD OF REVIEW

In criminal cases, the appellate court sits to review errors of law only. *State v. Martucci,* 380 S.C. 232, 246, 669 S.E.2d 598, 605–06 (Ct.App.2008). This court is bound by the trial court's factual findings unless they are clearly erroneous. *State v. Baccus,* 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006). This court does not reevaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial court's ruling is supported by any evidence. *State v. Moore,* 374 S.C. 468, 473–74, 649 S.E.2d 84, 86 (Ct.App.2007).

## LAW/ANALYSIS

### A. Opening Statements and Curative Instruction

Wiley argues the trial court erred in refusing to grant a mistrial when the State mentioned Wiley had an unrelated outstanding warrant during opening statements. Specifically, Wiley asserts the State's opening statement constituted improper evidence of prior bad acts. We disagree.

The decision to grant or deny a mistrial is within the sound discretion of the trial court. *State v. Harris,* 382 S.C. 107, 117, 674 S.E.2d 532, 537 (Ct.App.2009). The trial court's decision will not be overturned on appeal absent an abuse of discretion amounting to an error of law. *Id.* The power of the trial court to declare a mistrial should be used with the greatest caution under urgent circumstances and for very plain and obvious reasons stated on the record by the trial court. *Id.* A mistrial should only be granted when absolutely necessary, and a defendant must show both error and resulting prejudice in order to be entitled to a mistrial. *Id.* The granting of a motion for a mistrial is an extreme measure that

should only be taken if an incident is so grievous that the prejudicial effect can be removed in no other way. *Id.*

In *State v. Thompson,* 352 S.C. 552, 560–61, 575 S.E.2d 77, 82, (Ct.App.2003), this court concluded a deputy's testimony regarding a single reference to a defendant's warrants was not sufficiently prejudicial to justify a mistrial. The court found the deputy's testimony did not indicate whether Thompson's warrants referred to unrelated charges or other bad acts committed by Thompson. *Id.* at 561, 575 S.E.2d at 82. As a result, the court concluded a jury could reasonably infer the warrants related to the charged offenses. *Id.* Moreover, the court concluded a vague reference to a defendant's prior criminal record is not sufficient to justify a mistrial when there is no attempt by the State to introduce evidence that the accused has been convicted of other crimes. *Id.*

In this case, the State informed the trial court during pre-trial that Wiley had a bench warrant for possession with intent to distribute in Richland County. However, the State did not identify to the jury the substantive nature of the warrant during its opening statements. As a result, the jury was unaware of the precise nature of the warrant. Furthermore, the record reveals the reference to Wiley's warrant was for the purpose of establishing the legality of the traffic stop. Therefore, we believe the State's comment regarding Wiley's warrant was merely a vague reference to his prior criminal record that did not justify granting his motion for mistrial. Furthermore, even if the jury inferred that Wiley committed another crime from the State's opening statement, we believe Wiley was not prejudiced because the State never attempted to prove Wiley was convicted of some other crime. *See State v. Robinson,* 238 S.C. 140, 119 S.E.2d 671 (1961), overruled on other grounds by *State v. Torrence,* 305 S.C. 45, 406 S.E.2d 315 (1991) (concluding a reference to a defendant's past conduct was not prejudicial because even if the testimony created the inference in the jury's mind that the accused had committed another crime, the State never attempted to prove the accused had been convicted of some other crime). Therefore, we conclude the State's opening statement regarding Wiley's unrelated outstanding warrant was not sufficiently prejudicial to warrant a mistrial.

Regardless, even if we assume Wiley was prejudiced by the State's reference to an unrelated outstanding warrant, any resulting error is harmless because of the overwhelming evidence of Wiley's guilt. Whether an error is harmless depends on the circumstances of the particular case. *In re Care and Treatment of Harvey*, 355 S.C. 53, 63, 584 S.E.2d 893, 897 (2003). No definite rule of law governs this finding; rather, the materiality and prejudicial character of the error must be determined from its relationship to the entire case. *Id.* Error is harmless when it "could not reasonably have affected the result of the trial." *Id.* "When guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached, [an appellate] court should not set aside a conviction because of errors not affecting the results." *State v. Kirton*, 381 S.C. 7, 25, 671 S.E.2d 107, 115–16 (Ct.App.2008) (citation omitted).

The State presented overwhelming evidence of Wiley's guilt. Robertson testified Wiley admitted to possessing the cocaine after he was advised of his *Miranda* rights. Furthermore, Wiley admitted his guilt in open court. Wiley stated, "I guess I want to apologize to the Court for getting myself in this trouble. I should have known better than what I was doing. I had numerous opportunities to stop. I just want to apologize to the Court." *See State v. Sroka*, 267 S.C. 664, 665, 230 S.E.2d 816, 817 (1976) (holding appellant's guilt was conclusively shown by the record and any doubt about correctness of guilt was eliminated by the admission of appellant in open court, after conviction and during the pre-sentence inquiry by the trial judge, that the appellant had participated in the robbery). Thus, even if we assume the State's comment was prejudicial, we conclude the trial court's error was harmless based on Robertson's testimony and Wiley's admission of guilt in open court.

## B. Curative Instruction

Wiley also argues the trial court's curative instruction was insufficient because the trial court did not inform the jury which specific statement was prejudicial. We disagree.

It is well-established "[a] curative instruction to disregard incompetent evidence and not to consider it during

deliberation is deemed to have cured any alleged error in its admission." *Harris,* 382 S.C. at 119, 674 S.E.2d at 538 (citation omitted).

■ We conclude the trial court's curative instruction to the jury was sufficient. The trial court specifically instructed the jury that opening statements should not be considered as evidence and that the jury should not draw any inferences of guilt or innocence from such statements. *See State v. Smith,* 290 S.C. 393, 395, 350 S.E.2d 923, 924 (1986) (emphasizing that a jury should be specifically instructed to disregard the evidence and not to consider it for any purpose during deliberations and that a mere general remark excluding the evidence does not cure the error).

## C. Burden of Proof

Wiley argues the trial court erred in failing to instruct the jury during closing arguments that the State had the burden of proof after commenting on Wiley's failure to challenge the legality of the stop and search during cross-examination. We conclude this issue is not preserved for review.

In its closing argument, the State stated in relevant part,

**State:** They got him. They secured him. They secured the pocket, checked the pocket, finding drugs that were the subject of the deal. And none of this has been challenged— the facts of this—none of this has been challenged on cross-examination. They haven't disputed that there was a lawful basis for the stop or that the search was unlawful. They had the opportunity to do that on cross, and they didn't.

**Defense Counsel:** Your Honor, I'm going to object to the burdenship. [sic]

**The Court:** All right, thank you, sir. Ladies and gentlemen, again I'll remind you that the closing arguments are not to be considered in evidence in the case. It is simply the opportunity for the lawyers to be persuasive to you and try to convince you of their positions. Go ahead, sir. You're protected on the record.

Wiley argues the State's comment violated the elementary principle that the accused has the right to remain silent and the State cannot comment on an accused's right to remain

silent. In support of his argument, Wiley cites to *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); [2] *State v. Primus*, 349 S.C. 576, 564 S.E.2d 103 (2002) [3] overruled on other grounds by *State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005); and *State v. Pickens*, 320 S.C. 528, 466 S.E.2d 364, (1996).[4]

In the present matter, the trial court sustained Wiley's objection and gave a curative instruction. However, we conclude this issue is not preserved for review because Wiley neither objected to the sufficiency of the curative instruction, moved to strike the testimony, nor moved for a mistrial after the objection was sustained. *See State v. Patterson*, 324 S.C. 5, 18, 482 S.E.2d 760, 766 (1997) (concluding that where an appellant objects to improper comments in closing arguments and the objection is sustained, the issue is not preserved unless the appellant further moves to strike or requests a curative instruction).

## CONCLUSION

Accordingly, the trial court's decision is

**AFFIRMED.**

SHORT and LOCKEMY, JJ., concur.

---

**2.** In *Doyle*, the United States Supreme Court held that an accused has the right to remain silent and the exercise of that right cannot be used against him. *Doyle*, 426 U.S. at 619, 96 S.Ct. 2240.

**3.** In *Primus*, our supreme court concluded when the defendant neither testified nor called witnesses on his behalf, it was error for the State to comment upon the defendant's failure to call an alibi witness; however, such error was deemed harmless beyond a reasonable doubt based on the overwhelming evidence of guilt. *Primus*, 349 S.C. at 584–88, 564 S.E.2d at 108–09.

**4.** In *Pickens*, our supreme court held a trial court's failure to give a curative instruction after the State referred to defendant's failure to call witnesses was not harmless error where there was not overwhelming evidence of guilt in the record. *Pickens*, 320 S.C. at 531, 466 S.E.2d at 366.