**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Stevie Lamont Aiken, Appellant.

Appellate Case No. 2011-187586

―――――――――

Appeal From Hampton County
Perry M. Buckner, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2012-UP-632
Submitted November 1, 2012 – Filed November 28, 2012

―――――――――

**AFFIRMED**

―――――――――

Appellate Defender Elizabeth Anne Franklin-Best, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Mark Reynolds Farthing, all of Columbia; and Solicitor Issac McDuffie Stone, III, of Bluffton, for Respondent.

―――――――――

**PER CURIAM:** Aiken appeals his convictions of burglary, kidnapping, armed robbery, assault and battery with intent to kill, and possession of a weapon during the commission of a violent crime. He contends the trial court erred in denying him his right to confront the State's witness, who was his accomplice during the commission of these crimes, about potential sentences. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Mizzell*, 349 S.C. 326, 331, 563 S.E.2d 315, 318 (2002) ("The jury is, generally, not entitled to learn the possible sentence of a defendant because the sentence is irrelevant to finding guilt or innocence."); *id.* at 331-32, 563 S.E.2d at 318 ("However, other constitutional concerns, such as the Confrontation Clause, limit the applicability of this rule in circumstances where the defendant's right to effectively cross-examine a co-conspirator witness of possible bias outweighs the need to exclude the evidence."); *id.* at 331, 563 S.E.2d at 317 ("The trial [court] retains discretion to impose reasonable limits on the scope of cross-examination."); *State v. Gillian*, 360 S.C. 433, 451, 602 S.E.2d 62, 71-72 (Ct. App. 2004) ("Before a trial [court] may limit a criminal defendant's right to engage in cross-examination to show bias on the part of the witness, the record must clearly show the cross-examination is inappropriate."); *Mizzell,* 349 S.C. at 331, 563 S.E.2d at 317 ("If the defendant establishes he was unfairly prejudiced by the limitation, it is reversible error."); *id.* at 333, 563 S.E.2d at 318 ("A violation of the defendant's Sixth Amendment right to confront the witness is not *per se* reversible error if the error was harmless beyond a reasonable doubt."); *State v. Wiley*, 387 S.C. 490, 497, 692 S.E.2d 560, 564 (Ct. App. 2010) ("Error is harmless when it could not reasonably have affected the result of the trial.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decided this case without oral argument pursuant to Rule 215, SCACR.