**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Franklin Ezekiel Dennison, Appellant.

Appellate Case No. 2013-002179

————————

Appeal From Georgetown County
Edward B. Cottingham, Circuit Court Judge

————————

Unpublished Opinion No. 2017-UP-052
Submitted December 1, 2016 – Filed January 25, 2017

————————

**AFFIRMED**

————————

Zachary David Ellis, of Ellis Law, LLC, of Greenville,
for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Christina Catoe Bigelow, both of
Columbia; and Solicitor Jimmy A. Richardson, II, of
Conway, all for Respondent.

————————

**PER CURIAM:** Franklin Ezekiel Dennison appeals his conviction of possession
with intent to distribute (PWID) cocaine base, arguing the trial court erred by (1)
offering its own motions and opinions on evidence; (2) distracting the jury panel;

(3) demonstrating prejudice toward Dennison; (4) admitting evidence without a complete chain of custody; (5) admitting law enforcement records; (6) stating the validity of the chain of custody was a matter for the jury to determine; (7) admitting evidence from the traffic stop where the officer did not have reasonable suspicion to stop Dennison; and (8) admitting evidence found during the illegal search of Dennison. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issues one, two, and three, which arise out of Dennison's motions for a mistrial and a recusal, we find the trial court did not err. *See State v. Wiley*, 387 S.C. 490, 495, 692 S.E.2d 560, 563 (Ct. App. 2010) ("The power of the trial court to declare a mistrial should be used with the greatest caution under urgent circumstances and for very plain and obvious reasons stated on the record by the trial court."); *id.* ("A mistrial should only be granted when absolutely necessary, and a defendant must show both error and resulting prejudice in order to be entitled to a mistrial."); *State v. Bryant*, 372 S.C. 305, 312, 642 S.E.2d 582, 586 (2007) ("The conduct of a criminal trial is left largely to the sound discretion of the trial [court, which] will not be reversed in the absence of a prejudicial abuse of discretion."); *State v. Harris*, 275 S.C. 463, 465, 272 S.E.2d 636, 638 (1980) ("[T]he scope of the opening statement[s are left] to the sound discretion of the trial [court, and that] decision will stand absent a showing of an abuse of discretion and prejudice to the complaining party."); Rule 611(a), SCRE ("The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment."); *State v. Cooper*, 334 S.C. 540, 546-47, 514 S.E.2d 584, 587 (1999) (finding the trial court did not abuse its discretion where the "trial [court]'s comments and rulings were routine [and] [n]one of the exchanges involved any improper, personal comment about defense counsel, nor did the comments tend to impugn counsel's credibility or diminish him in the eyes of the jury"); *id.* at 546, 514 S.E.2d at 587 ("[T]here is generally no prejudice when the trial court's hostile comments are made outside the jury's presence."). Furthermore, as to Dennison's argument that the trial court's comments produced a chilling effect on his trial counsel and affected her ability to advocate on his behalf, we find this issue is not preserved. *See State v. Dunbar,* 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].").

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

2. As to issues four, five, and six, we find the trial court did not err by admitting evidence without a proper foundation. *See State v. Taylor*, 360 S.C. 18, 23, 598 S.E.2d 735, 737 (Ct. App. 2004) ("The admission of evidence is addressed to the sound discretion of the trial [court]."); *id.* ("On appeal, the question presented is whether the trial court's decision is controlled by an error of law or is without evidentiary support."); *id.* ("If there is any evidence to support the trial [court]'s decision, the appellate courts will affirm it."); Rule 803(6), SCRE ("A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness . . . ."); *State v. Hatcher*, 392 S.C. 86, 93, 708 S.E.2d 750, 754 (2011) (finding the trial court does not abuse its discretion in admitting evidence where all custodians "in the chain [of custody] are, in fact, identified[,] . . . the manner of handling is reasonably demonstrated," and no evidence of tampering, bad faith, or ill-motive exists); *id.* at 91, 708 S.E.2d at 753 ("Testimony from each custodian of fungible evidence, however, is not a prerequisite to establishing a chain of custody sufficient for admissibility." (quoting *State v. Sweet*, 374 S.C. 1, 7, 647 S.E.2d 202, 206 (2007))); *Taylor*, 360 S.C. at 24-25, 598 S.E.2d at 738 ("Similarly, where the handling of the evidence is reasonably demonstrated, a weakness in the chain implicates credibility, but does not render the evidence inadmissible.").

3. As to issue seven, we find the trial court did not err by refusing to suppress evidence obtained during the traffic stop. *See State v. Missouri*, 361 S.C. 107, 111, 603 S.E.2d 594, 596 (2004) ("When reviewing a Fourth Amendment search and seizure case, an appellate court must affirm the trial [court's] ruling if there is *any* evidence to support the ruling."); *State v. Provet*, 391 S.C. 494, 499, 706 S.E.2d 513, 515 (Ct. App. 2011) ("The temporary detention during an automobile stop, even if only for a brief and limited purpose, constitutes a seizure under the Fourth Amendment."); *id.* at 499, 706 S.E.2d at 516 ("Generally, the decision to conduct a traffic stop is reasonable when the police have probable cause to believe a traffic violation has occurred.").

4. As to issue eight, we find Dennison's argument that the officer unreasonably prolonged the traffic stop is not preserved for appellate review. *See Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693 ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].").

**AFFIRMED.**

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**