**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Earnest Edward Vaughn, Sr., Appellant.

Appellate Case No. 2016-002300

---

Appeal From Greenwood County
Donald B. Hocker, Circuit Court Judge

---

Unpublished Opinion No. 2018-UP-409
Submitted September 1, 2018 – Filed November 7, 2018

---

**AFFIRMED**

---

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, for Respondent.

---

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Dial*, 405 S.C. 247, 257, 746 S.E.2d 495, 500 (Ct. App. 2013) ("The decision to grant or deny a mistrial is within the sound discretion of the trial

court." (quoting *State v. Wiley*, 387 S.C. 409, 495, 692 S.E.2d 560, 563 (Ct. App. 2010))); *id.* ("The trial court's decision will not be overturned on appeal absent an abuse of discretion amounting to an error of law." (quoting *Wiley*, 387 S.C. at 495, 692 S.E.2d at 563)); *State v. Thompson*, 352 S.C. 552, 561, 575 S.E.2d 77, 82 (Ct. App. 2003) ("[A] vague reference to a defendant's prior criminal record is not sufficient to justify a mistrial where there is no attempt by the State to introduce evidence that the accused has been convicted of other crimes."); *State v. George*, 323 S.C. 496, 510, 476 S.E.2d 903, 911-12 (1996) ("If the trial [court] sustains a timely objection to testimony and gives the jury a curative instruction to disregard the testimony, the error is deemed to be cured.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.