**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Nathaniel Antron Hunter, Appellant.

Appellate Case No. 2017-001125

———————

Appeal From Lexington County
Thomas W. Cooper, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-312
Submitted April 1, 2019 – Filed August 28, 2019

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Joshua Abraham Edwards, both of
Columbia; and Solicitor Samuel R. Hubbard, III, of
Lexington, all for Respondent.

———————

**PER CURIAM:** Nathanial A. Hunter appeals his convictions of first-degree burglary, third-degree criminal sexual conduct (CSC) with a minor, attempted murder, and possession of a weapon during the commission of a violent crime. On

appeal, Hunter argues the trial court erred in (1) denying his motion for a mistrial after the State referenced photographs of him with a gun in its opening statement and the photographs were not admitted into evidence, (2) admitting a recording of Larenda Simon's statement that she made at the hospital,[1] (3) admitting the content of text messages, and (4) refusing to declare a mistrial based on the cumulative error doctrine. We affirm.

## I.   MISTRIAL

Hunter argues the trial court erred in refusing to grant a mistrial because the State mentioned a photograph of him holding a gun that was never admitted into evidence. We disagree.

"The decision to grant or deny a mistrial is within the sound discretion of the trial judge." *State v. Stanley*, 365 S.C. 24, 33, 615 S.E.2d 455, 460 (Ct. App. 2005). "A mistrial should only be granted when absolutely necessary, and a defendant must show both error and resulting prejudice in order to be entitled to a mistrial." *State v. Wiley*, 387 S.C. 490, 495, 692 S.E.2d 560, 563 (Ct. App. 2010). "The granting of a motion for a mistrial is an extreme measure which should be taken only whe[n] an incident is so grievous that prejudicial effect can be removed in no other way." *Stanley*, 365 S.C. at 34, 615 S.E.2d at 460. "The solicitor is permitted in opening statement to outline the facts the [S]tate intends to prove. As long as the State introduces evidence to reasonably support the stated facts, there is no error." *State v. Kornahrens*, 290 S.C. 281, 284, 350 S.E.2d 180, 183 (1986) (citation omitted).

We find the trial court did not abuse its discretion in refusing to grant a mistrial. During its opening statement, the State told the jury police officers searched Hunter's cell phone and found "pictures of him holding [a .]40 caliber Glock." Although the photograph the State referenced in its opening statement of Hunter holding a gun was not admitted into evidence, competent evidence was admitted that showed Hunter owned a gun. At trial, Tanisha Taylor testified Hunter owned a .40 caliber Glock, which was the same type of gun the State referenced in its opening statement. Furthermore, the State showed Taylor a photograph, and she testified the black gun in the photograph looked like the gun Hunter owned. This photograph was not the same as the one the State mentioned in its opening statement. Instead of showing Hunter holding a gun, the photograph showed two

---

[1] Simon and her minor daughter were the victims in this incident. Simon was shot multiple times.

guns, a black gun and a silver gun, on a counter. However, this photograph was not admitted into evidence and the jury never saw it. In light of the fact that the jury heard testimony connecting Hunter to a .40 caliber Glock, we do not believe the State's comment during its opening statement was prejudicial enough to warrant the extreme measure of a mistrial. *See Stanley*, 365 S.C. at 34, 615 S.E.2d at 460 ("The granting of a motion for a mistrial is an extreme measure which should be taken only whe[n] an incident is so grievous that prejudicial effect can be removed in no other way."). Moreover, Hunter does not make any specific arguments in his brief about how the comment was prejudicial. Thus, we find the trial court did not err in refusing to grant a mistrial because the comment was not prejudicial. *See Simmons v. State*, 331 S.C. 333, 338, 503 S.E.2d 164, 166 (1998) ("Improper comments [by the State] do not automatically require reversal if they are not prejudicial to the defendant.").

## II. VICTIM'S STATEMENT

Hunter argues the trial court erred in admitting a recording of Investigator Griffin interviewing Simon as medical personnel were preparing her for surgery because the irrelevant comments of medical personnel made the entire statement irrelevant. Hunter further argues the statement was unfairly prejudicial and cumulative. We disagree.

"The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice." *State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847–48 (2006). "An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law." *Id.* at 429–30, 632 S.E.2d at 848. "To show prejudice, the appellant must prove 'that there is a reasonable probability the jury's verdict was influenced by the challenged evidence or the lack thereof.'" *State v. Brown*, 411 S.C. 332, 339, 768 S.E.2d 246, 249 (Ct. App. 2015) (quoting *Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 26, 609 S.E.2d 506, 509 (2005)), *abrogated on other grounds by State v. Jones*, 423 S.C. 631, 817 S.E.2d 268 (2018). Generally, "[a]ll relevant evidence is admissible." Rule 402, SCRE. Relevant evidence is any "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, SCRE. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless

presentation of cumulative evidence."  Rule 403, SCRE.

We find the trial court did not abuse its discretion in admitting the recording of Investigator Griffin's interview with Simon because it was relevant and not prejudicial.  The entire recording was not played at trial.  Instead, the State manually skipped over parts that were not relevant to the trial, presumably the doctor explaining the surgery and wounds to Simon.  However, there is no way to tell exactly what parts of the recording the jury heard.  The trial court made a specific finding that none of the irrelevant parts of the recording that the jury did hear were prejudicial.  In the recording, there is indistinct mumbling and noise in the background when Simon and Investigator Griffin are speaking.  However, it is almost impossible to make out any specific statements by medical personnel and none of the background noise was prejudicial to Hunter.  In the recording, Simon is calmly explaining the incident to Investigator Griffin.  Although Simon's statement in the recording is the same as her testimony at trial, it was not unnecessarily cumulative.  Even if the probative value of the evidence was lower because it was cumulative to Simon's trial testimony, we find the recording was not prejudicial to Hunter.  Thus, we hold the trial court did not abuse its discretion in admitting the recording.

## III.    TEXT MESSAGES

Hunter argues the trial court erred in admitting the text messages between him and Taylor because they were hearsay.  He asserts the content of the text messages did not fall under an exception because they were not business records.  We disagree.

"The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice."  *Douglas*, 369 S.C. at 429, 632 S.E.2d at 847–48.  "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Rule 801(c), SCRE.  Hearsay is not admissible unless an exception or exclusion applies.  Rule 802, SCRE.  Records of a regularly conducted activity are not hearsay when

> Rule 803(6), SCRE, provides that memorandum, reports, records, etc. in any form, of acts, events, conditions, or diagnoses, are admissible as long[] as they are (1) prepared near the time of the event recorded; (2) prepared by someone with or from information transmitted by a person with knowledge; (3) prepared in the regular

course of business; (4) identified by a qualified witness who can testify regarding the mode of preparation of the record; and (5) found to be trustworthy by the court.

*Ex parte Dep't of Health & Envtl. Control*, 350 S.C. 243, 249–50, 565 S.E.2d 293, 297 (2002).

We find the trial court did not abuse its discretion in admitting the text messages between Taylor and Hunter. We agree with Hunter that the content of the text messages were not admissible as business records under Rule 803(6) because the content was not made by the cell phone company in the course of its business.[2] However, we disagree that the content of the text messages was hearsay because the messages were not offered for the truth of the matter asserted in the text messages. In the text messages, Hunter and Taylor discuss routine, every day matters. The truth of the messages did not have any bearing on Hunter's case. Instead, the text messages were offered to show the relationship between Hunter and Taylor and Hunter's state of mind surrounding the incident. Thus, we find the trial court did not err in admitting the text messages between Hunter and Taylor.

## IV.    CUMULATIVE ERROR

Hunter argues the trial court erred in refusing to declare a mistrial based on cumulative errors during the trial. "The cumulative error doctrine provides relief to a party when a combination of errors, insignificant by themselves, has the effect of preventing the party from receiving a fair trial, and the cumulative effect of the errors affects the outcome of the trial." *State v. Beekman*, 405 S.C. 225, 237, 746 S.E.2d 483, 490 (Ct. App. 2013). We find no merit to this argument, as we find no error on the part of the trial court.

## CONCLUSION

Accordingly, Hunter's convictions are

## AFFIRMED.[3]

---

[2] Although no South Carolina appellate court has addressed this issue in a published opinion, this court has come to a similar conclusion in an unpublished opinion. *See State v. Jordan*, Op. No. 2018-UP-098 (S.C. Ct. App. filed Mar. 7, 2018) (finding the content of text messages was not admissible under the business records exception).

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**