**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Katie Lemmons and Maximino Morales Herrera,
Defendants,

of whom Maximino Morales Herrera is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2019-001728

———————————

Appeal From Greenville County
Rochelle Y. Conits, Family Court Judge,

———————————

Unpublished Opinion No. 2020-UP-293
Submitted September 29, 2020 – Filed October 12, 2020

———————————

**AFFIRMED**

———————————

Kimberly Yancey Brooks, of Kimberly Y. Brooks,
Attorney at Law, of Greenville, for Appellant.

Marianthe Kolokithas Richey, of the South Carolina
Department of Social Services, of Greenville, for
Respondent.

Robert A. Clark, of Greenville, for the Guardian ad litem.

——————————

**PER CURIAM:**  Maximino Morales Herrera (Father) appeals a family court order terminating his parental rights to his minor child (Child).  On appeal, Father argues the family court erred by denying his motion for a mistrial after testimony at trial revealed that the court interpreter was a potential witness.  Father argues he was prejudiced because the family court's decision to terminate his parental rights (TPR) might have been different if it had heard the interpreter's testimony.  We affirm.

We find the family court did not abuse its discretion by denying Father's motion for a mistrial.  *See Stoney v. Stoney*, 422 S.C. 593, 594 n.2, 813 S.E.2d 486, 486 n.2 (2018) (providing that this court reviews the family court's procedural rulings for an abuse of discretion); *State v. Wiley*, 387 S.C. 490, 495, 692 S.E.2d 560, 563 (Ct. App. 2010) ("A mistrial should only be granted when absolutely necessary, and a defendant must show both error and resulting prejudice in order to be entitled to a mistrial.").

At the TPR hearing, DSS caseworker Gretchen Dalton testified that the court interpreter had previously provided translating services for Father when she and Father discussed Father's placement plan.  Father moved for a mistrial, arguing there was "potential for conflict" because the court interpreter "may be a witness" to whether the South Carolina Department of Social Services informed Father of his obligation to visit and support Child.  The family court denied the motion, and Father did not request to proffer the interpreter's testimony.

We find even if an actual conflict existed, there were steps Father could have taken before the TPR hearing to prevent the conflict and secure the interpreter's ability to testify, such as subpoenaing the interpreter, indicating to the family court that he intended to call the interpreter as a witness, and moving to replace the interpreter at the start of the TPR hearing.  However, Father failed to take any steps to prevent the alleged "potential for conflict."  Instead, he waited until the middle of the TPR hearing to move for a mistrial based on the "potential for conflict . . . with someone who may be a witness."  Under these facts, we find the family court did not abuse its discretion by denying Father's mistrial motion.  *See State v. Stanley*, 365 S.C. 24, 34, 615 S.E.2d 455, 460 (Ct. App. 2005) ("The granting of a motion for a mistrial is an extreme measure[,] which should be taken only where an incident is so grievous that prejudicial effect can be removed in no other way.").  Further,

because Father did not proffer the interpreter's testimony, we are unable to assess whether the testimony would have affected the outcome of the TPR hearing. *See Woodward v. Woodward*, 294 S.C. 210, 218-19, 363 S.E.2d 413, 418 (Ct. App. 1987) (finding this court could not determine whether the alleged erroneous exclusion of testimony affected the outcome of the trial because the appellant did not proffer the excluded testimony or show how the exclusion of the testimony was prejudicial); *Divine v. Robbins*, 385 S.C. 23, 42, 683 S.E.2d 286, 296 (Ct. App. 2009) (providing that this court can "refuse[] to address an issue on appeal when no proffer is made after the family court excludes evidence"). Thus, we find Father failed to show prejudice. *See Broom v. Jennifer J.*, 403 S.C. 96, 109-10 742 S.E.2d 382, 398-89 (2013) (finding no prejudice when the family court's error did not affect the outcome of the TPR hearing); *Wiley*, 387 S.C. at 495, 692 S.E.2d at 563 ("[A] defendant must show both error and resulting prejudice in order to be entitled to a mistrial.").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.