0213

SOUTHERN RAILWAY COMPANY, Respondent, v. COLTEX, INC., Appellant.

(318 S. E. (2d) 284)

Court of Appeals

*Alan M. Tewkesbury, Jr.,* of *Holcombe, Bomar, Wynn & Gunn,* Spartanburg, *for appellant.*

*Charles P. Edwards* and *Roy McBee Smith* of *Smith & Edwards,* Spartanburg, *for respondent.*

Heard April 16, 1984.

Decided July 2, 1984.

CURETON, Judge:

The sole issue presented in this appeal is whether the trial judge should have granted a new trial under the circumstances of this case. We think so and affirm.

Respondent Southern Railway Company (Southern) initiated this action to recover three categories of charges against appellant Coltex, Inc. (Coltex) allegedly owed Southern incident to shipping handled for Coltex: (1) freight charges due on two trailers, (2) detention and yard charges due on several trailers released to Coltex, and (3) detention, yard and storage charges due on five trailers still held by Southern. Coltex denied that charges were due and asserted its counterclaim for damages for the diminution in value of the contents of the trailers, claiming Southern unlawfully refused to release the cargo. This appeal deals only with the third category of charges since no appeal was taken from the trial court's handling of the other categories of charges.

The case was tried before a jury. The usual motions for directed verdict were made and denied by the trial judge. The jury was then instructed on the law and the form of the verdict it could render on the third category of charges.

The jury returned its verdict on June 10, 1981, indicating that no money was due Southern, but awarding Coltex $20,000 on its counterclaim. The trial judge perceived some possible inconsistency in the verdict and upon inquiry learned that the jury had misinterpreted his instructions. The jury apparently thought it had to express in its verdict no recovery for Southern on its claim in order to award damages to Coltex on its counterclaim. At the request of the court, the verdict was corrected to reflect only that the jury awarded damages on the counterclaim in the sum of $20,000.

Southern then moved for judgment *n.o.v.* or alternatively for a new trial. No specific grounds were stated in the motion. Without objection, the motion was marked "heard" upon the court's minutes and argument scheduled for a subsequent

time. Later Southern presented to the court written grounds supporting its motion. A hearing was held on the motion in September, 1981.

The trial judge issued his order on September 30, 1981, granting Southern a new trial. The order states, *inter alia:*

> As to [Southern's] claim on the five trailers ... and [Coltex's] counterclaim, the court unconditionally grants [Southern's] motion for a new trial on the issues raised thereby. This new trial is not granted on the ground as contended by [Southern] that the carrier cannot waive or lose its lien ... [N]onetheless the jury was not instructed fully that any such waiver or loss of lien was conditioned on the defendant making a timely, good faith effort to pick up that particular trailer, and if the defendant voluntarily proceeded to pick up trailers other than the ones upon which the lien had been waived or lost, then such waiver would become null and void and plaintiff would regain the lien. Due to inadequacy of instruction in this area as herein set forth, a new trial should be had as to the five trailers ...

Coltex first argues that inadequacy of instructions was not a proper basis for granting a new trial where there was no request for a charge in the questioned area, nor a timely objection made to the judge's failure to so charge, and any objection to the instructions of the court was raised for the first time in post-trial motions for judgment *n.o.v.* or for a new trial.

The threshold question, as we see it, is whether the trial judge's order is appealable. It is settled law that an order granting or refusing a new trial when based solely on errors of law is subject to review by this Court. An order based on questions of fact or on both questions of law and fact is not reviewable by this Court absent an abuse of discretion amounting to an error of law. *South Carolina Department of Highways and Public Transportation v. Mooneyham,* 275 S. C. 205, 269 S. E. (2d) 329 (1980); *South Carolina State Highway Department v. Clarkson,* 267 S. C. 121, 226 S. E. (2d) 696 (1976).

To ascertain whether the trial judge's order was premised solely upon a question of law, resort must be had to an

analysis of the court's order to determine if it is based upon a consideration of the evidence. *Harvey v. Southern Railway Co.*, 133 S. C. 324, 130 S. E. 884 (1925). While the trial judge recites in his order that "due to the inadequacy of instructions . . . a new trial should be had . . .," we construe the order, as a whole, to be based at least in part upon a consideration of the evidence and the judge's conclusions therefrom. *See Donkle v. Forster*, 238 S. C. 90, 119 S. E. (2d) 231 (1961).

As best we can determine from the record, Coltex claimed (and introduced its Exhibit 8 in support thereof) that its payment of $15,000 on June 20, 1978, to Southern, pursuant to the agreement of the parties, represented all charges on nineteen specified trailers including the five which were the subject of Coltex's counterclaim. However, its Exhibit 8 showed that seventeen trailers were picked up by Coltex on June 20, 1978, upon which the charges exceeded $15,000 and which did not include the five trailers in question. Thus, Coltex claimed on the one hand that Southern had lost its lien on the five trailers because of payment of the charges due on them, while on the other hand it picked up seventeen other trailers in exchange for the payment. The parties stipulated in their Statement of Case that Coltex's counterclaim was premised upon Southern's failure "to release the five trailers still held in a commercially unreasonable (sic) fashion inasmuch as payment for outstanding charges on those trailers had been made and that delivery had been requested and denied."[1] It is apparent, therefore, that in order for the jury to have rendered a verdict for Coltex on its counterclaim, the jury had to find that the charges for the five trailers had been paid and Southern's retention of them was unjustified.[2]

In his order the trial judge discussed the fact that while the testimony shows the $15,000 payment represented all lawful

---

[1] An agreed statement of the case is binding upon the parties. *Crown Land Corporation v. Lester Brothers, Inc.*, 261 S. C. 163, 199 S. E. (2d) 69 (1973).

[2] South Carolina Section 36-7-307(3) provides that "a carrier loses his lien on any goods which he voluntarily delivers or which he unjustifiably refuses to deliver." The trial court in its order stated: "It was not error to use the term 'waiver of Lien,' as the jury understood that waiver meant voluntary relinquishment, or loss of the lien as provided in Section 37-7-307(3) of the Code." (Court obviously meant Section 36-7-307(3) since there is no chapter 7 of title 37).

charges due against the nineteen trailers listed on Coltex's Exhibit, a close review of the Exhibit shows that the seventeen trailers picked up by Coltex did not include any of the five in question. Moreover, he indicated that the seventeen trailers picked up had accrued charges against them for slightly more than the $15,000 paid that date.

The trial judge apparently reasoned that if Coltex chose to pick up trailers other than the nineteen selected to be released for the $15,000, thus using up its account credit, then Southern's carrier lien continued against the five trailers and Southern was justified in retaining possession of the trailers until payment was made for the charges due against them. It would thus be unfair to sustain the jury's implicit finding that Southern's lien did not continue against the five trailers and in turn cause Southern's retention of them to be unlawful. The trial judge seems to reason further that this state of affairs would not have occurred had he instructd the jury that:

> "[I]f [Coltex] voluntarily proceeded to pick up trailers other than the ones upon which the lien had been waived or lost, then such waiver would become null and void and [Southern] would regain the lien."

We recognize that at first blush, the "omitted" charge seems technically inappropriate. However, in view of the court's explanation in its order that "waiver or loss of lien" was understood by the jury to be pursuant to Code Section 36-7-307(3), it is evident that since Southern never lost possession of the trailers, the only way Southern could have lost its lien was to "unjustifiably refuse to deliver the trailers."[3] Under the agreed Statement of the Case, Southern's retention would have been unjustified only if it had been paid for its charges on the cargo in the five trailers. While the judge's wording of the "omitted" charge is not an accurate statement of the law, he could reasonably have concluded on the evidence before him that the jury had been misled by his failure to give additional instructions as to the carrier's lien on cargo for

---

[3] The question of waiver or loss of Southern's lien only becomes important when considering whether Southern was justified in not releasing the five trailers. This is not an action by Southern to enforce its carrier lien, but simply an action upon the debt owed it by Coltex.

which freight charges had not been paid and with respect to which delivery had not been made.

It is therefore implicit in the trial judge's discussion of the facts that he was of the opinion that the jury's verdict was contrary to the evidence and the law. The order of the circuit judge was plainly based, in part, upon a consideration of the evidence. His ruling therefore falls within his discretionary powers unless found to be an abuse of discretion amounting to an error of law.

Our Supreme Court has determined that, for an abuse of discretion to constitute an error of law, the order granting the new trial on factual grounds must be without evidentiary support, *see, e.g., South Carolina State Highway Department v. Terrain, Inc.,* 267 S. C. 186, 227 S. E. (2d) 184 (1976). We have no trouble finding evidentiary support for the granting of the motion from the conflict in the evidence emanating from Coltex's own Exhibit 8.

Coltex next argues that notwithstanding the fact that the basis for the trial judge's ruling is not reviewable, the trial court nonetheless committed a reversible error of law in granting the new trial upon a ground not stated in Southern's motion. We disagree. Two of the grounds contained in Southern's motion for a new trial were:

> IV. The court should have directed a verdict for Southern Railway upon defendant's counterclaim since all of the evidence showed a payment of $15,000 was insufficient to pay the full charges due upon either 19 or the 27 trailers, and defendant ratified the application of payments to the 17 trailers which it picked up.
>
> . . . .
>
> VI. The court should grant a new trial within its discretionary power upon the facts, the evidence, the trial circumstances, the verdict and the court's view of them. Conclusion (sic).

These grounds for a new trial clearly presented to the trial court the question of the sufficiency of the evidence to support the verdict.

Coltex finally argues that the trial judge erred in finding that the verdict was ambiguous. Having determined that the trial judge's order was based partly upon a question of fact not

reviewable, we need not reach this issue to sustain the order.

Finding no error in the granting of the new trial, the order of the circuit court is

Affirmed.

SHAW and BELL, JJ., concur.