22276

SOUTHERN RAILWAY COMPANY, a Corporation, Respondent, v.
COLTEX, INCORPORATED, Petitioner.

(329 S. E. (2d) 736)

Supreme Court

*Alan M. Tewkesbury, Jr., Holcombe, Bomar, Wynn &
Gunn,* Spartanburg, *for petitioner.*

*Roy McBee Smith,* Spartanburg, *for respondent.*

Writ Issued Oct. 3, 1984.

Submitted Feb. 20, 1985.

Decided April 4, 1985.

*Per Curiam:*

We granted *certiorari* to review the judgment of the Court of Appeals. The opinion of the Court of Appeals reported at 282 S. C. 321, 318 S. E. (2d) 284 (1984) is based upon an error of law and is quashed.

The sole issue is whether a trial judge *ex mero motu* can grant a new trial on a ground not raised by a party. We hold he cannot. We quash the opinion of the Court of Appeals and reinstate the jury's verdict.

Respondent Southern Railway sued appellant Coltex to recover monies due for shipment and storage charges due on five of Coltex's trailers still in Southern's possession. Coltex denied it owed storage charges and counterclaimed for damages caused by Southern's unlawful retention of the trailers.

The trial judge charges the jury Southern had a lien on the five trailers to secure payment of the storage charges owed by Coltex, but this lien was waivable by agreement.

Southern objected to the charge on the ground a railroad company has no power to adjust tariffs set by law. The trial judge refused to correct his charge, holding firmly to his view that the charges were waivable.

The jury apparently found the lien had been waived by agreement and awarded Coltex $20,000 on its counterclaim.

Southern moved for a new trial on the basis the trial judge erred in charging the railroad's lien was waivable.

The trial court granted Southern a new trial, but not on the exception presented in the motion.

Coltex raises six exceptions all of which related to the question of a trial court's authority to grant a new trial on grounds not raised by the moving party. The record on appeal was limited to the issues raised, as required by Supreme Court Rule 4, § 2. Therefore, Coltex did not include any testimony or exhibits which addressed the facts of the case. The trial judge's order granting the new trial recited the facts in some detail, however, the decision to grant a new trial was based on the judge's conclusion that his jury instructions were inadequate, not on the sufficiency of the evidence.

In his order granting a new trial the judge states "[t]his new trial is not granted on the grounds as contended by [Southern], that is that the carrier cannot waive or lose its lien, because the court is of the firm opinion that the lien itself may be waived or lost ... [N]onetheless the jury was not instructed fully that any such waiver or loss of lien was conditioned on [Coltex] making a timely, good faith effort to pick up that particular trailer, ... The evidence presented warranted and required the court to further amplify on the duties and obligations of [Coltex] in order to claim the benefit of a waived or lost lien ... Due to inadequacy of instructions in this area ... a new trial should be had as to the five trailers retained by Southern and counter-claim with respect thereto."

The Court of Appeals did not address the question that was before it, that is, whether a trial judge has the authority to grant a new trial on grounds not raised by the moving party. Rather, the Court of Appeals reviewed the facts as set forth in the trial court's order, and concluded that the trial judge's order had "evidentiary support." 318 S. E. (2d) at 287.

"Facts not demonstrated on the record by the inclusion therein of the relevant supporting evidence cannot be considered by an appellate court." 4 Am. Jur. (2d), Appeal and Error. § 515. It has been held that where a case was presented and argued by both parties on the theory that a pure question of law was raised, it must be considered and decided by the appellate court "on that footing." *Id.* at § 711.

We hold the Court of Appeals failed to answer whether a trial judge *ex mero motu* can order a new trial on a ground not raised by a party.

The right to have the law declared is waived by silence in the face of an omission from the charge. *Eaddy v. Jackson Beauty Supply Company, Inc.,* 244 S. C. 256, 136 S. E. (2d) 297 (1964).

Southern handed up numerous requests to charge, none of which touched upon Coltex's duties and obligations in order to claim the benefit of a waived lien. After the instructions, Southern excepted to the charge that the lien was waivable, but requested no additional charge concerning any obligation Coltex may have to properly claim

the waived lien. Southern did not include the omitted charge in its grounds for a new trial. We hold Southern waived the right to claim the omitted charge was error by not objecting to its omission at the trial level. Therefore, the omitted charge was not properly before the trial court, the Court of Appeals, or this Court.

While it is true that when a judge exercises his discretionary right to sit as a thirteenth juror and grants a new trial when the verdict is contrary to the evidence, his decision is not appealable if there is any evidence in the record to support it. *South Carolina Department of Highways and Public Transportation v. Mooneyham*, 275. S. C. 205, 214, 269 S. E. (2d) 329 (1980); *South Carolina State Highway Department v. Clarkson*, 267 S. C. 121, 226 S. E. (2d) 696 (1976).

When, however, an order granting or denying a new trial is based solely on errors of law, it is unquestionably reviewable by this Court. *South Carolina State Highway Department v. Terrain, Inc.*, 267 S. C. 186, 227 S. E. (2d) 184 (1976). We hold the granting of a new trial in this case constitutes legal error requiring reversal.

Coltex last asserts the trial court erred in granting a new trial because of an ambiguous verdict.

The Court of Appeals did not reach this issue, because it affirmed on factual grounds. We therefore under Supreme Court Rule 55, § 4(A)(2) do not consider it.

We quash and reinstate the verdict for Coltex.