680 S.E.2d 292

**The STATE, Respondent,**

v.

**Jeremiah DICAPUA, Petitioner.**

No. 26684.

Supreme Court of South Carolina.

Heard Feb. 3, 2009.

Decided July 13, 2009.

---

Appellate Defender Robert M. Pachak, of South Carolina Commission on Indigent Defense, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster; Chief Deputy Attorney General John W. McIntosh; Assistant Deputy Attorney General Salley W. Elliott; Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor John Gregory Hembree, of Conway, for Respondent.

Justice KITTREDGE:

As a result of a videotaped sting operation, Jeremiah Dicapua was convicted and sentenced for distribution of crack cocaine and possession with intent to distribute crack cocaine. On the day following sentencing, the trial court *sua sponte* vacated the jury's verdict and ordered a new trial on the basis of perceived weaknesses in the videotape evidence, even though the tape was admitted without objection. Moreover, the trial court ruled that the videotape could not be admitted in evidence in the new trial. The State appealed, contending the *sua sponte* grant of a new trial constituted legal error warranting reversal.

Because Dicapua waived any direct challenge to the videotape by consenting to its admission, the court of appeals reversed the trial court's *sua sponte,* new trial order and reinstated the sentence. *State v. Dicapua,* 373 S.C. 452, 455–56, 646 S.E.2d 150, 152 (Ct.App.2007). We granted a writ of certiorari. We affirm.

## I.

The Horry County Police Department and the Myrtle Beach Police Department conducted a drug sting in a hotel. One hotel room was a control room where the officers observed the suspects and the informant. The adjoining hotel room served as the transaction room, which was set up with separate video and audio recording devices. On the day in question, the audio equipment malfunctioned.

The hotel room was initially searched by the police for drugs, and the informant was searched as well. The informant was given one hundred and eighty dollars in marked money by the police. The informant and another woman in the hotel room were arrested earlier that day for prostitution.

The informant briefly left the room and reentered with Dicapua. The informant counted out the money and placed it

on the bed. Next, Dicapua counted the money and appeared to drop something on the bed. The informant then placed an unknown substance in her pocket. After the police entered the transaction room, the police searched Dicapua and found drugs. The police also located drugs on the informant for a total of 2.4 grams of crack cocaine. Dicapua admitted the informant gave him one hundred and sixty dollars.

Dicapua was tried for and convicted of distribution of crack cocaine and possession with intent to distribute crack cocaine. At trial, Dicapua did not object to the admission of the videotape. Following the State's case, Dicapua made multiple motions: for a dismissal and a mistrial due to the lack of a link between the drugs found on the informant and Dicapua, for a directed verdict due to the "totality" of the State's case, and for dismissal due to entrapment. Notably, these motions did not refer to the admission of the videotape.

Following the jury's guilty verdicts, Dicapua moved to set aside the verdict as there was no evidence Dicapua intended to sell additional drugs and "the objections and request going back to the [informant], the chain, and all those things." Again, these motions did not implicate the admission of the videotape. The trial court sentenced Dicapua to thirty months for both charges to run concurrently.

The next day the trial court *sua sponte* ordered a new trial because of concerns about the videotape. The trial court additionally ordered, "it is the decision of this Court to suppress the introduction of the videotape in any new trial to be had on the charges."[1] The State served its notice of appeal. The trial court subsequently held a hearing to supplement the record and further explain its decision.[2]

The State appealed the trial court's *sua sponte* order. The court of appeals reversed. *State v. Dicapua*, 373 S.C. 452, 456, 646 S.E.2d 150, 152 (Ct.App.2007). The court of appeals majority found an abuse of discretion by the trial court's granting of a new trial for a waived issue, the admission of the

---

[1]. Counsel for Dicapua conceded at oral argument that it was error to preemptively suppress the videotape at a new trial.

[2]. Because the filing of the appeal deprived the trial court of jurisdiction, we may not consider the trial court's post-appeal explanation.

videotape. *Id.* at 455, 646 S.E.2d at 152. One panel member of the court of appeals concurred, addressing the matter of appealability. *Id.* at 457, 646 S.E.2d at 153. This Court granted Dicapua's petition for certiorari.

## II.

We first address the threshold matter of appealability. "The State may only appeal a new trial order if, in granting it, the trial judge committed an error of law." *State v. Johnson,* 376 S.C. 8, 10, 654 S.E.2d 835, 836 (2007). To determine if an error of law occurred, it is necessary to examine the merits of the case. *Id.* at 11, 654 S.E.2d at 836. We find an error of law occurred when the trial court granted a new trial on the basis of evidence admitted with Dicapua's consent. Because of the error of law, the matter is appealable.

We now turn to the legal issue which resolves this case—may a trial court in a criminal case *sua sponte* order a new trial on a ground not raised by a party? We answered this question "no" in the context of a civil proceeding in *Southern Railway Co. v. Coltex, Inc.,* 285 S.C. 213, 214, 329 S.E.2d 736, 736 (1985) ("The sole issue is whether a trial judge *ex mero motu*[3] can grant a new trial on a ground not raised by a party. We hold he cannot.").[4] We hold the same result must follow in a criminal case.[5] Moreover, to affirm the grant

---

**3.** *Ex mero motu* is a synonym for *sua sponte.* Black's Law Dictionary 596 (7th ed. 1999).

**4.** As in the case at hand, in *Southern Railway,* Southern waived the ground on which the trial court *sua sponte* granted a new trial. 285 S.C. at 215–16, 329 S.E.2d at 737–38. Specifically, the trial court in *Southern Railway* stated that "[t]his new trial is not granted on the grounds as contended by [Southern]...." *Id.* at 215, 329 S.E.2d at 737. In reversing the *sua sponte* grant of a new trial, we held "Southern waived the right to claim the omitted charge was error by not objecting to its omission at the trial level. Therefore, the omitted charge was not properly before the trial court, the Court of Appeals, or this Court." *Id.* at 216, 329 S.E.2d at 737–38.

**5.** We acknowledge Rule 59(d), SCRCP, allows a civil trial court to order a new trial within ten days of the entry of judgment for "any reason for which [the trial court] might have granted a new trial on motion of a party." We further acknowledge that when a civil trial court exercises

of a new trial on a waived issue in a criminal case would lend this Court's imprimatur to a trial court's impromptu grant of post conviction relief.

By consenting to the admission of the videotape evidence, Dicapua waived any direct challenge to the admission of the evidence. Concomitantly, the trial court lacked authority to grant relief on the basis of a ground not raised by Dicapua. We hold the granting of a new trial *sua sponte* on a ground waived by a party is an error of law.

**AFFIRMED.**

TOAL, C.J., WALLER, PLEICONES and BEATTY, JJ., concur.

its discretionary right to sit as a thirteenth juror and grants a new trial when the verdict is contrary to the evidence, its decision will be upheld if there is any evidence to support it. *Southern Railway*, 285 S.C. at 216, 329 S.E.2d at 738.