**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Justin Hillerby, Appellant.

Appellate Case No. 2010-165126

―――――――――――

Appeal From Berkeley County
Kristi Lea Harrington, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2013-UP-300
Heard June 5, 2013 – Filed July 3, 2013

―――――――――――

**AFFIRMED**

―――――――――――

Tricia A. Blanchette, of Law Office of Tricia A. Blanchette, LLC, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

―――――――――――

**PER CURIAM:** Justin Hillerby appeals his conviction and sentence for homicide by child abuse, arguing the trial court erred in (1) refusing to suppress statements

attributed to him, (2) admitting evidence of prior bad acts, and (3) admitting irrelevant testimony. We affirm.

A ruling admitting or excluding evidence is within the sound discretion of the trial court. *State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847-48 (2006). An appellate court will not disturb such a ruling absent "a manifest abuse of discretion accompanied by probable prejudice." *Id.* at 429, 632 S.E.2d at 848. "An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law." *Id.* at 429-30, 632 S.E.2d at 848.

1.     First, we find Hillerby failed to preserve for appellate review the issue of whether the trial court erred in admitting the statements he gave on September 17 and 18, 2008. A party who consents to the admission of evidence he challenged prior to trial waives "any direct challenge to the admission of the evidence." *State v. DiCapua*, 383 S.C. 394, 399, 680 S.E.2d 292, 294 (2009). Here, Hillerby affirmatively stated he did not object to the admission of the statements. By doing so, he waived his right to challenge the admission of the statements on appeal.

2.     Next, Hillerby asserts the trial court erred in admitting Brandon's and Courtney's testimony concerning his behavior toward Victim during the afternoon before Victim's death. We find Hillerby failed to preserve the portion of his argument relating to improper procedure. As to the portion of Hillerby's argument that is preserved, we affirm.

Hillerby did not raise to the trial court his argument that it followed improper procedure by ruling Brandon's and Courtney's testimony was admissible without an adequate showing of the content of their testimony. A party may not argue one ground to the trial court and another ground on appeal. *State v. Haselden*, 353 S.C. 190, 196, 577 S.E.2d 445, 448 (2003). However, "[a] party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground." *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003). An argument is preserved if it is "sufficiently specific to bring into focus the precise nature of the alleged error so that it [could] be reasonably understood by the trial [court]." *McKissick v. J.F. Cleckley & Co.*, 325 S.C. 327, 344, 479 S.E.2d 67, 75 (Ct. App. 1996). Hillerby did not raise this procedural argument to the trial court. Consequently, it is not preserved for our review.

To the extent Hillerby argues the trial court erred in admitting Brandon's and Courtney's testimony despite the State's failure to prove a Rule 404(b) exception, we affirm. Generally, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Rule 404(b), SCRE. However, it "may . . . be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent." *Id.* Evidence of prior bad acts for which the accused has not been convicted "must be clear and convincing," and the prior bad act must logically relate to the offense charged. *State v. Martucci*, 380 S.C. 232, 252, 669 S.E.2d 598, 608-09 (Ct. App. 2008). The State establishes this logical relation by demonstrating the accused perpetrated the prior bad act against the same child as in the present case. *State v. Fletcher*, 379 S.C. 17, 25, 664 S.E.2d 480, 483-84 (2008). Appellate courts considering whether such evidence is clear and convincing must affirm the trial court's findings unless those findings are clearly erroneous. *Martucci*, 380 S.C. at 252, 669 S.E.2d at 608.

A person commits homicide by child abuse when he "causes the death of a child under the age of eleven while committing child abuse or neglect, and the death occurs under circumstances manifesting an extreme indifference to human life." S.C. Code Ann. § 16-3-85(A)(1) (2003). "[I]n the context of homicide by abuse statutes, extreme indifference is a mental state akin to intent characterized by a deliberate act culminating in death." *State v. Jarrell*, 350 S.C. 90, 98, 564 S.E.2d 362, 367 (Ct. App. 2002). The State may establish the mental state of extreme indifference using evidence of prior instances in which the accused either abused or neglected the victim. *See, e.g.*, *Martucci*, 380 S.C. at 252-53, 669 S.E.2d at 609 (holding evidence of the accused's "hostility, cruelty, and abuse toward Child . . . during the weeks before he died" constituted "evidence of Martucci's state of mind to inflict the fatal injuries" and "was necessary to establish a material fact or element of the crime charged").

In the case at bar, the trial court admitted Brandon's and Courtney's testimony to show Hillerby's intent toward Victim. Brandon reported overhearing Hillerby comment that nobody cared about Victim and Mother should have left him in the swimming pool in water over his head. According to Courtney, Hillerby and Mother ignored Victim as he repeatedly jumped into the deep end of the swimming pool without his flotation devices. Courtney also heard Hillerby call Victim a "pussy" and tell him to "cry because nobody wanted him." We find this testimony demonstrated Hillerby neglected and verbally abused Victim hours before the child was left in Hillerby's care and less than a day before Victim was discovered dead.

Moreover, we find the abusive and neglectful acts the witnesses described logically related to homicide by child abuse. Therefore, the trial court did not err in admitting Brandon's and Courtney's testimony.

3. Finally, we find the trial court did not err in admitting Georgoulis's testimony. Generally, evidence must be relevant to be admissible. Rule 402, SCRE. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, SCRE. "Bias, prejudice or any motive to misrepresent may be shown to impeach the witness either by examination of the witness or by evidence otherwise adduced." Rule 608(c), SCRE. Furthermore:

> Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony. Rule 608(c), SCRE, preserves South Carolina precedent holding that generally, anything having a legitimate tendency to throw light on the accuracy, truthfulness, and sincerity of a witness may be shown and considered in determining the credit to be accorded his testimony.

*State v. McEachern*, 399 S.C. 125, 140-41, 731 S.E.2d 604, 612 (Ct. App. 2012) (internal citations and quotation marks omitted).

Hillerby objected to questions concerning (1) whether Georgoulis saw Hillerby the night before Victim's death, (2) what Hillerby's mood was when he left her house the next morning, and (3) who was staying at Georgoulis's home during the trial. We find the answers to these questions were relevant to Hillerby's credibility and mental state and to Georgoulis's bias.

In response to the first two questions, Georgoulis testified Hillerby stayed with her the night before Victim's death, attempted to reunite with her, and left her home upset the next morning. Her testimony established Hillerby was untruthful when he told Mother he had stayed the night elsewhere, which diminished his credibility. Significantly, Georgoulis's testimony demonstrated Hillerby's affections had already shifted away from Mother and back to Georgoulis, the mother of his child,

before he agreed to babysit Victim and Sister. Thus, they were relevant both to credibility and to a determination of Hillerby's mental state in the hours preceding Victim's death.

Hillerby does not claim he suffered prejudice from Georgoulis's admission, in response to the third question, that his mother was staying with Georgoulis during the trial. This evidence had no bearing on the events leading up to Victim's death. However, it revealed the witness's bias in favor of Hillerby and, therefore, her motive not to truthfully answer the State's questions. Accordingly, Georgoulis's answer to this question was relevant to her credibility.

For the foregoing reasons, the decision of the trial court is

**AFFIRMED.**

**FEW, C.J., GEATHERS, J., and CURETON, A.J., concur.**