**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Jeremiah Dicapua, Respondent,

v.

The State, Petitioner.

Appellate Case No. 2011-189771

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2014-UP-432
Heard September 10, 2014 – Filed November 26, 2014

**REVERSED**

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Christina Catoe Bigelow, all of Columbia, for Petitioner.

Appellate Defender Robert M. Pachak, of Columbia, for Respondent.

**PER CURIAM:**  Jeremiah Dicapua petitioned the post-conviction relief (PCR) court to vacate his convictions for distribution of crack cocaine and possession with intent to distribute crack cocaine, arguing he received ineffective assistance of counsel at trial.  The PCR court agreed and granted Dicapua relief, vacating his convictions and remanding his case for a new trial.  On appeal, the State argues the PCR court erred in concluding (1) Dicapua's trial counsel rendered deficient performance by failing to renew his objection to the admission of a videotape of an alleged drug transaction involving Dicapua and (2) Dicapua was prejudiced by his trial counsel's failure to renew his objection to the admission of the videotape.  We agree and reverse.

1.  We find no evidence of probative value in the record to support the PCR court's finding that Dicapua received ineffective assistance of counsel at trial.  The PCR court relied exclusively on the circuit court's *sua sponte* order vacating Dicapua's sentences and convictions as evidence that, had counsel renewed his objection at trial, the circuit court would have ruled differently on the admissibility of the videotape.  By relying on the post-trial order, however, the PCR court erroneously allowed hindsight to affect its review of counsel's performance at the time of trial.  *See Strickland v. Washington*, 466 U.S. 668, 669 (1984) ("Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").  Moreover, this court previously held, and our supreme court affirmed, that the circuit court erred in granting a new trial in this case based on the admission of the unobjected to videotape.  *See State v. Dicapua*, 383 S.C. 394, 398, 680 S.E.2d 292, 294 (2009), *aff'g* 373 S.C. 452, 646 S.E.2d 150 (Ct. App. 2007).

We further disagree with the PCR court's finding that Dicapua received ineffective assistance of counsel because trial counsel failed to object to inadmissible evidence.  Specifically, the PCR court found the videotape was inadmissible because (1) the videotape had no audio, (2) the video was recorded from a poor angle that did not clearly depict what transaction occurred, (3) the informant was allowed to make telephone calls from the hotel room and it was unknown to whom these calls were made, and (4) the informant was allowed to leave the hotel room unaccompanied by law enforcement during the sting operation and was completely off camera for a duration of time.  We disagree and find Dicapua's arguments regarding the flaws of the videotape unpersuasive because any inadequacies went to the weight of the evidence, not its admissibility.  *See State v. Kahan*, 268 S.C.

240, 244, 233 S.E.2d 293, 294 (1977) (noting that testimony regarding the care and handling of one piece of evidence in that case was not necessary to establish a chain of custody and "would go only to the credibility of the evidence"); *State v. White*, 215 S.C. 450, 455, 55 S.E.2d 785, 787 (1949) (noting the question of the probative weight of evidence admitted without objection is for the jury to determine); *State v. Johnson*, 318 S.C. 194, 195-96, 456 S.E.2d 442, 443-44 (Ct. App. 1995) (noting the discrepancy in the dates pertaining to the chain of custody went to the credibility of the evidence, not its admissibility); *see also State v. Johnson*, 747 N.E.2d 863, 869-70 (Ohio Ct. App. 2000) (noting that defects in the videotape of a drug transaction went to the weight, rather than the credibility, of the evidence).

More importantly, we find the videotape was admissible because it was properly authenticated by Detective Donald, who contemporaneously watched the drug transaction take place via live video feed in the adjoining room during the sting operation. *See* Rule 901(a), SCRE ("The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."); Rule 901(b), SCRE (including "[t]estimony that a matter is what it is claimed to be" as an acceptable method of authentication). We further find the videotape was relevant, particularly since it depicted Dicapua's involvement in the drug transaction and made more probable the fact that he sold crack cocaine to the two women during the sting operation. *See* Rule 402, SCRE ("All relevant evidence is admissible . . . ."); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). Moreover, the videotape merely depicted the specific events that unfolded during the sting operation about which Detective Donald was testifying at trial, thus corroborating his testimony. *See State v. Nance*, 320 S.C. 501, 508, 466 S.E.2d 349, 353 (1996) ("The relevancy, materiality, and admissibility of photographs as evidence are matters left to the sound discretion of the [circuit] court."); *State v. Elders*, 386 S.C. 474, 483, 688 S.E.2d 857, 862 (Ct. App. 2010) ("Ordinarily, it is not an abuse of discretion to admit photographs that corroborate testimony."). Accordingly, we find the PCR court erred in finding Dicapua's trial counsel was deficient for failing to object to the admission of the videotape because the tape was, in fact, admissible.

2. Finally, even if counsel was deficient for failing to object to the admission of the videotape, we find Dicapua suffered no prejudice because the videotape was

merely cumulative to Detective Donald's testimony and the State presented ample evidence establishing his guilt. *See State v. Robinson*, 305 S.C. 469, 476, 409 S.E.2d 404, 409 (1991) (concluding that, even if reference to a letter was improper, the appellant was not prejudiced since a witness testified to the same effect regarding the matter discussed in the letter); *State v. Haselden*, 353 S.C. 190, 196-97, 577 S.E.2d 445, 448-49 (2003) (holding the admission of improper evidence is harmless when the evidence is merely cumulative to other evidence); *State v. Johnson*, 298 S.C. 496, 499, 381 S.E.2d 732, 733 (1989) (holding the admission of improper evidence that is merely cumulative to other evidence is harmless beyond a reasonable doubt); *Hutto v. State*, 387 S.C. 244, 249, 692 S.E.2d 196, 198 (2010) ("No prejudice occurs, despite deficient performance, when there is overwhelming evidence of guilt.").

**REVERSED.**

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**