**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Therron R. Richardson, Appellant.

Appellate Case No. 2012-213431

―――――――――――――

Appeal From Charleston County
Stephanie P. McDonald, Circuit Court Judge

―――――――――――――

Unpublished Opinion No. 2014-UP-471
Submitted December 8, 2014 – Filed December 17, 2014

―――――――――――――

**AFFIRMED**

―――――――――――――

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General John Benjamin Aplin, both of Columbia, for Respondent.

―――――――――――――

**PER CURIAM:** The State indicted Therron R. Richardson for trafficking cocaine, possession of a firearm during the commission of a violent crime, and four counts of unlawful possession of a firearm by a person convicted of a crime of violence. Richardson moved to suppress the drug and gun evidence under S.C.

Code Ann. § 16-25-70(H) (Supp. 2013), arguing the evidence was not found "in plain view . . . in a room in which [police were] interviewing, detaining, or pursuing a suspect." The trial court denied Richardson's motion after a pretrial hearing because deputies located the evidence in plain view after entering Richardson's home under exigent circumstances. The jury found Richardson guilty as indicted. We affirm.

Richardson did not object to a single piece of evidence offered by the State during trial. Every time the State offered any evidence seized from Richardson's home, he responded "No objection" or "No, your Honor" when asked if he had any objection. On one occasion Richardson said nothing, and the trial court stated, "Without objection, [the evidence] is admitted." In order to preserve an issue for review, a contemporaneous objection is typically required when the evidence is introduced. *See State v. Forrester*, 343 S.C. 637, 642, 541 S.E.2d 837, 840 (2001). A party stating it has no objection to the introduction of evidence, even though the party made a pretrial motion to exclude the evidence, leaves the issue unpreserved for review. *See State v. Dicapua*, 373 S.C. 452, 455-56, 646 S.E.2d 150, 152 (Ct. App. 2007), *aff'd*, 383 S.C. 394, 680 S.E.2d 292 (2009).

**AFFIRMED.**[1]

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.