**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Rion McKissick Rutledge, Appellant.

Appellate Case No. 2015-001408

---

Appeal From York County
John C. Hayes, III, Circuit Court Judge,

---

Unpublished Opinion No. 2017-UP-158
Submitted March 1, 2017 – Filed April 19, 2017

---

**AFFIRMED**

---

Stephen D. Schusterman, of Schusterman Law Firm, of Rock Hill, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia, for Respondent.

---

**PER CURIAM:** Rion Rutledge appeals his convictions of second-degree sexual exploitation of a minor and third-degree sexual exploitation of a minor, arguing (1) the trial court erred in denying his motion to sever, (2) the trial court erred in denying his motion for a directed verdict because the State failed to present

evidence he knew the content or character of the files, (3) the trial court erred in not declaring a mistrial when numerous grounds for a mistrial arose during the trial, and (4) he was deprived of a fair trial because the State's closing arguments were improper. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying his motion to sever: *State v. Caldwell*, 378 S.C. 268, 277, 662 S.E.2d 474, 479 (Ct. App. 2008) ("A motion for severance is addressed to the sound discretion of the trial court and the court['s] ruling will not be disturbed on appeal absent an abuse of that discretion."); *State v. Simmons*, 352 S.C. 342, 350, 573 S.E.2d 856, 860 (Ct. App. 2002) ("Where the offenses charged in separate indictments are of the same general nature involving connected transactions closely related in kind, place[,] and character, the trial [court] has the power, in [its] discretion, to order the indictments tried together if the defendant's substantive rights would not be prejudiced."); *Caldwell*, 378 S.C. at 279, 662 S.E.2d at 480 (noting the defendant's argument he was prejudiced by the collective emotional testimony of child victims was without merit because if he were tried for each indictment separately he might "still be faced" with the collective testimony, and he failed to argue on appeal the testimony would be inadmissible in separate trials).

2. As to whether the trial court erred in denying his motion for a directed verdict: *State v. Gilliland*, 402 S.C. 389, 397, 741 S.E.2d 521, 525 (Ct. App. 2012) ("An appellate court reviews the denial of a directed verdict by viewing the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the State."); *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *State v. Brouwer*, 346 S.C. 375, 379, 550 S.E.2d 915, 917 (Ct. App. 2001) ("If any direct or substantial circumstantial evidence exists which reasonably tends to prove the defendant's guilt, or from which his guilt may be fairly and logically deduced, this [c]ourt must find the trial court properly submitted the case to the jury.").

3. As to whether the trial court erred in not declaring a mistrial: *State v. Wiley*, 387 S.C. 490, 495, 692 S.E.2d 560, 563 (Ct. App. 2010) ("The decision to grant or deny a mistrial is within the sound discretion of the trial court."); *State v. Wilson*, 389 S.C. 579, 583, 698 S.E.2d 862, 864 (Ct. App. 2010) ("When an objecting party is sustained, the trial court has rendered a favorable ruling, and therefore, it

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

becomes necessary that the sustained party move to cure, or move for a mistrial if such a cure is insufficient, in order to create an appealable issue."); *State v. Dicapua*, 383 S.C. 394, 399, 680 S.E.2d 292, 294 (2009) (providing the trial court lacks the authority to grant relief *sua sponte* based on grounds waived by the defendant); *State v. McEachern*, 399 S.C. 125, 146, 731 S.E.2d 604, 614 (Ct. App. 2012) (providing a party who received the relief requested could not be heard to complain on appeal).

4.  As to whether he was deprived of a fair trial: *State v. Walker*, 366 S.C. 643, 660, 623 S.E.2d 122, 130 (Ct. App. 2005) ("An issue may not be raised for the first time on appeal, but must have been raised to the trial judge to be preserved for appellate review."); *id.* ("Failure to object to comments made during argument precludes appellate review of the issue.").

**AFFIRMED.**

**WILLIAMS and KONDUROS, JJ., and LEE, A.J., concur.**