**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Arthur William Macon, Appellant.

Appellate Case No. 2014-002126

———————

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-031
Submitted December 12, 2017 – Filed January 17, 2018

———————

**AFFIRMED**

———————

Glenn Walters, Sr. and R. Bentz Kirby, both of Glenn Walters & Associates, PA, of Orangeburg, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Susan Ranee Saunders, and Solicitor Daniel E. Johnson, all of Columbia, for Respondent.

———————

**PER CURIAM:** Appellant Arthur William Macon appeals his conviction of armed robbery, for which he was sentenced to twenty-three years' imprisonment. Macon argues the circuit court erred by permitting Ricky Woodberry to testify that Jason Colon—his son—had a lobotomy, was schizophrenic and passive, and had the mind

of a thirteen-year-old because it was improper character evidence designed to bolster Colon's testimony. Macon also argues Woodberry's testimony was hearsay and outside the scope of a lay witness opinion. We affirm.

1. The circuit court correctly permitted Woodberry's testimony as it was not improper character evidence and did not constitute bolstering. *See State v. Taylor*, 404 S.C. 506, 514, 745 S.E.2d 124, 128 (Ct. App. 2013) ("Improper bolstering occurs when a[] . . . witness is allowed to give his or her opinion as to whether the complaining witness is telling the truth, because that is an ultimate issue of fact and the inference to be drawn is not beyond the ken of the average juror." (quoting *State v. Douglas*, 367 S.C. 498, 521, 626 S.E.2d 59, 71 (Ct. App. 2006), *rev'd in part on other grounds*, 380 S.C. 499, 671 S.E.2d 606 (2009))); *State v. Douglas*, 380 S.C. 499, 503–04, 671 S.E.2d 606, 609 (2009) (concluding a witness did not vouch for the victim's veracity because the witness never stated she believed the victim and gave no other indication concerning the victim's veracity).

2. The circuit court should have limited Woodberry from going into the details of how the childhood shooting occurred because it was hearsay as he was not present when it occurred. *See State v. Bottoms*, 260 S.C. 187, 196, 195 S.E.2d 116, 119–20 (1973) (finding a lay witness opinion must be based upon the personal observations of the witness and not merely upon the statements of another witness). However, because it was an insignificant detail in relation to the case overall, Macon was not prejudiced. *See State v. Motley*, 251 S.C. 568, 575, 164 S.E.2d 569, 572 (1968) (stating the burden is on the defendant to show an error in admission of evidence is prejudicial); *State v. Garner*, 389 S.C. 61, 68, 697 S.E.2d 615, 618 (Ct. App. 2010) ("[An] error is deemed harmless when it could not have reasonably affected the result of the trial, and an appellate court will not set aside a conviction for such insubstantial errors."). Furthermore, it was reasonable to allow Woodberry to testify that Colon was shot in the head—as this testimony was rationally based on his observation of Colon.

3. Macon waived the argument that testimony regarding Colon's medical condition constituted hearsay. *See State v. Dicapua*, 383 S.C. 394, 399, 680 S.E.2d 292, 294 (2009) (finding a party's concession to the admission of evidence waived any direct challenge to the admissibility of that evidence); *State v. Thomason*, 355 S.C. 278, 288, 584 S.E.2d 143, 148 (Ct. App. 2003) ("[A] party cannot argue one theory at trial and a different theory on appeal.").

4. Macon's argument that Woodberry's testimony was outside the scope of a lay witness opinion is unpreserved. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d

691, 693–94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [circuit court]. Issues not raised and ruled upon in the [circuit] court will not be considered on appeal."). Even if the argument was preserved, the testimony was not medical testimony, as Woodberry was not testifying to Colon's diagnosis. *See State v. Williams*, 321 S.C. 455, 464, 429 S.E.2d 49, 54 (1996) ("Some statements are not mere opinions, but are impressions drawn from collected, observed facts."); *id.* ("A natural inference based on stated facts is not opinion evidence.").

**AFFIRMED.**[1]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.